EDWARD N. LINEBURG v. CITY OF ST. PAUL.[1]

January 19, 1898.

Nos. 10,923—(221).

**Negligence—Death of Child by Wrongful Act—Municipal Corporation—Street—Fencing Along Edge of Precipice.**

Along the side of a public street in St. Paul is a steep precipice, the edge of which is within the line of the street as dedicated. Between such edge and the sidewalk the city maintained a fence 3½ feet high, with one board nailed flat on the top of the posts and two boards on the sides of the posts, the spaces between the boards being about ten inches wide. A child 5½ years old crawled through or climbed over the fence, fell over the precipice, and was killed. In an action to recover for the wrongful death, *held*, the city was not negligent in failing to maintain a higher or closer fence, or one that a child could not surmount, and plaintiff cannot recover.

Action in the district court for Ramsey county by the administrator of Ernest Lineburg, deceased, to recover $5,000 for his death. At the trial defendant moved, when the plaintiff rested his case, that the case be dismissed on the ground that no affirmative negligence on the part of the city had been proved. The motion

[1] Reported in 73 N. W. 723.

was granted by Kelly, J. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*John H. Ives*, for appellant.

It is the duty of a municipality to furnish protection from an adjoining dangerous place not within the limits of the sidewalk. Alger v. City, 3 Allen, 402; Niblett v. Mayor, 12 Heisk. 684; Coggswell v. Inhabitants, 4 Cush. 307; Warner v. Inhabitants, 112 Mass. 362; Biggs v. Huntington, 32 W. Va. 55; City v. Sullivan, 8 Ill. App. 50; Davis v. Hill, 41 N. H. 329; Bassett v. City, 53 Mo. 290; City v. Gallagher, 44 Ill. 295; Parker v. Mayor, 39 Ga. 725; Stack v. Portsmouth, 52 N. H. 221; Norristown v. Moyer, 67 Pa. St. 355; Kinney v. City, 30 Neb. 605; Ivory v. Town, 116 N. Y. 476; 24 Am. & Eng. Enc. 94, and note 3; 9 Am. & Eng. Enc. 380, 381, and note 1; City v. Kuby, 8 Minn. 125 (154); Ray v. City, 40 Minn. 458. If the municipality owes a duty to children that duty is commensurate with the necessity for protection. The fence in question afforded no protection to children.

*James E. Markham* and *Carl Taylor*, for respondent.

Counsel for appellant contends that the law imposes a greater obligation upon a city in the care of its streets and sidewalks when the traveler is a child than when the traveler is an adult. The cases cited by him will show that the courts have only gone so far as to hold that the city owes the same duty to a child that it does to an adult. The mere fact that a child is using the street for a playground will not relieve the city from liability when the street is in a defective condition. The distinction is that in the case of a child the rule as to contributory negligence is not applied with the same strictness as it is in the case of an adult.

CANTY, J.[2]

Along the side of a certain portion of Second street, in St. Paul, is a precipice 40 feet deep, and nearly perpendicular for a considerable portion of that depth. The edge of this precipice is within the line of the street as dedicated, and the sidewalk on that side of the street extends along near such edge. Between the sidewalk and

[2] BUCK, J., absent, took no part.

the edge of the precipice the city had erected and maintained a fence 3½ feet high above the surface of the sidewalk. This fence consisted of posts driven in the ground, a board six inches wide and an inch thick nailed flat on the tops of the posts, and two boards of the same dimensions nailed one above the other, on the sides of the posts. The space between each of these boards was about ten inches. Plaintiff's son, a boy 5½ years of age, at play in the street, crawled through this fence or climbed over it, fell down the precipice, and was killed. This action was brought to recover damages under the statute for the wrongful death. On the trial the court dismissed the action at the close of plaintiff's evidence, and from an order denying a new trial plaintiff appeals.

It is claimed that it is a question for the jury whether or not the city was negligent in failing to maintain at the place in question a fence or barrier over which children could not climb and through which they could not crawl. We cannot so hold.

In Tarras v. City of Winona, supra, page 22, we held that the city may be negligent in failing to protect travelers on a street from a precipice or embankment along the side of the same, which is peculiarly dangerous. The place in question was peculiarly dangerous, and it may be conceded that for the protection of persons on the street it was the duty of the city to maintain a proper fence or barrier at this place. But, in our opinion, it appears by the evidence that the city has done so. No such extraordinary duty should be imposed on the city as that of maintaining a barrier so high and so close that children cannot find ways or means to surmount it.

In the case of City v. Kuby, 8 Minn. 125 (154), relied on by plaintiff, the barrier consisted of only a single rail, which would not prevent the child (3½ years of age) from falling out over the precipice. In that case it was held to be a question for the jury whether or not the city was negligent in failing to put "under said top railing and upon said posts further planking or guards so as to have more securely closed the opening or space under the top railing." The fact that children were in the habit of going over or through

the fence here in question, and down the precipice, to play in the sand below, cannot change the result.

The order appealed from is affirmed.