## SMITH v. WOODS, TAYLOR & CO.
### (No. 738.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 2, 1921.)

Evidence ⊜314(1), 471(3)—Pleading ⊜111 —Evidence in support of affidavit of residence held sufficient; evidence as to defendant's residence held not hearsay for opinion evidence.

Where a witness for plaintiff, in support of plaintiff's controverting affidavit that one defendant lived in the county where suit was brought, testified positively that he had known said defendant all of his life, and knew where he lived and that he lived in the county of suit, this was sufficient, and was not objectionable as hearsay, guesswork, or opinion because witness also testified that he had not been to said defendant's house and had not been by his house.

Appeal from Nacogdoches County Court; J. M. Marshall, Judge.

Action by Woods, Taylor & Co., a corporation, against Allen Smith and others. From judgment overruling the named defendant's plea of privilege, he appeals. Affirmed.

S. M. Adams, of Nacogdoches, for appellant.

Harris & Harris, of Nacogdoches, for appellee.

O'QUINN, J. Woods-Taylor & Co., a corporation doing business at Broaddus, in San Augustine county, Tex., brought this suit in the county court of Nacogdoches county, Tex., against Allen Smith and R. A. Barker, who were alleged to reside in Brazos county, Tex., and J. N. Miller, who was alleged to reside in Nacogdoches county, Tex., upon a check for $379.50 given by said Smith and Barker to said Miller and indorsed by Miller to plaintiff.

In due time defendant Allen Smith filed his plea of privilege to be sued in the county of his residence, Brazos county, which said plea was controverted by plaintiff; the only issue therein as presented by the record being as to the residence of defendant Miller. The sufficiency of the plea of privilege and of the controverting plea was not challenged by either party. The court, after hearing the evidence offered by plaintiff in support of its controverting affidavit, overruled defendant's plea of privilege, from which action of the court he has appealed.

The only issue presented by appellant's brief upon which he relies for a reversal is the insufficiency of the testimony supporting plaintiff's controverting affidavit as to the residence of defendant J. N. Miller. Appellee, in support of its controverting affidavit, offered only one witness, J. M. Lakey, who testified, among other things, as follows:

"My name is J. M. Lakey. I live at Broaddus, San Augustine county, Tex., and I have lived there for the last several years. I know J. N. Miller and know that he lives in Nacogdoches county. I have known him all of his life. He lives near the Sowell bridge in the lower part of this county. I have not been to his house and I haven't been by his house."

Appellant objected to the above testimony of Lakey on the ground that same was hearsay, that the witness, admitting that he had never been to Miller's house nor ever having passed by same, could not legally testify as to where Miller resided, and that, as above set out, the testimony was hearsay, guesswork, and an opinion of the witness, based upon information as to where Miller resided, and therefore not sufficient to sustain plaintiff's plea controverting defendants' plea of privilege. We think the testimony sufficient. The witness testified positively he had known Miller all of Miller's life, that he knew where Miller lived, and that he lived in Nacogdoches county.

The judgment is affirmed.

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes