**CHICAGO, R. I. & G. RY. CO. v. BERNNARD.**
(No. 2740.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 15, 1926. Rehearing Denied Jan. 12, 1927.)

1. Evidence ⬾314(2), 471(13)—Plaintiff's testimony as to prior medical examination passed held admissible on question of prior health, and not hearsay or conclusion of witness.

In action for personal injuries, alleged to have caused sciatic rheumatism, it was not error to permit plaintiff, against objection that it was hearsay and a conclusion of the witness, to testify that he had undergone and passed medical examinations on entering and leaving army and when he went to work for particular railroad, affecting question of his prior health.

2. Trial ⬾85—Objection to testimony as a whole which is admissible in part cannot be sustained.

An objection to testimony as a whole cannot properly be sustained, where such testimony is in part admissible.

3. Trial ⬾85—Statement that witness had taken and passed medical examination held admissible in part and properly admitted as against objection to whole.

In action for personal injuries, plaintiff's testimony on issue of his prior health that he had taken and passed certain medical examinations *held* properly admitted, as against objection to it as a whole, even if statement that he had passed examination was inadmissible.

4. Witnesses ⬾287(3)—In action for injuries, plaintiff's testimony that he had been laid off by defendant because he did not sign release held admissible, in view of cross-examination.

In action against railroad for personal injuries, where defendant on cross-examination brought out that plaintiff had not quit working for defendant, but had been laid off, it was not error to permit plaintiff on redirect examination to testify that he had been laid off because he did not sign a release from liability for injuries.

5. Appeal and error ⬾1050(1)—In action for personal injuries, admission of testimony that plaintiff had said that he quit defendant's employ because he refused to sign release, if error, held harmless.

In action for personal injuries, admission of testimony that plaintiff had told witness that he quit defendant's employ because he refused to sign a release from liability for injuries, if error, *held* harmless, in view of uncontroverted testimony that plaintiff was laid off for refusal to sign release.

6. Appeal and error ⬾1056(1)—In action for injuries while loading boiler on car, exclusion of evidence that instrumentalities and method used were those generally used held not prejudicial.

In action against railroad for personal injuries while assisting in loading boiler on car, where plaintiff did not allege negligence in instrumentalities or method used, but only in the manner of using or execution of such method, exclusion of evidence that instrumentalities and method employed were those generally used *held* not prejudicial.

7. Appeal and error ⬾1056(1)—In action for injuries, exclusion of evidence that plaintiff had time to remove bar before boiler fell on it, causing injury, held not error, in view of other testimony.

In action for personal injuries, sustained when boiler which plaintiff was assisting in loading on car fell, striking iron bar, and causing it to fly up and strike plaintiff in the face, exclusion of testimony that plaintiff had time to remove bar which he had been using before boiler fell *held* not error, in view of other testimony.

8. Trial ⬾352(5)—In action for injuries, court's assumption of fact in submission of issue held not error, in view of pleadings and uncontroverted testimony.

In action for personal injuries caused by derailment of motorcar on which plaintiff was riding, court's assumption of fact that defendant opened and left open switch which caused the derailment *held* not error, in view of pleadings and uncontroverted testimony.

---

⬾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**9. Negligence ⟨key⟩136(6)—Control of thing causing injury and unexplained accident is evidence of negligence sufficient to go to jury.**

When thing causing injury has been shown to be under management of defendant, and accident is such as in the ordinary course of things does not happen if proper care is used, it affords reasonable evidence, in the absence of explanation that accident arose from want of care, requiring submission of question of negligence to jury.

**10. Trial ⟨key⟩352(5)—In action for injuries, submission of issue whether injuries resulted from defendant's negligence held to erroneously assume fact of negligence.**

In action for injuries caused by derailment of motorcar on which plaintiff was riding, submission of issue, "Is plaintiff's injuries, if any, the direct and proximate result of defendant's negligence?" *held* erroneous, as assuming fact that defendant was negligent in leaving open switch which caused derailment.

**11. Damages ⟨key⟩185(3)—Evidence held to sustain finding that injuries to employee caused sciatic rheumatism.**

Evidence *held* to sustain finding of jury to the effect that injuries received by employee caused him to have sciatic rheumatism.

Appeal from District Court, Dallam County; Reese Tatum, Judge.

Action by John Bernnard against the Chicago, Rock Island & Gulf Railway Company. Judgment for plaintiff, and defendant appeals. Judgment reformed, and, as reformed, affirmed.

See, also, 275 S. W. 505.

N. H. Lassiter, of Fort Worth, and Tatum & Strong, of Dalhart, for appellant.

R. E. Stalcup and Art Schlofman, both of Dalhart, for appellee.

JACKSON, J. Appellee, John Bernnard, instituted this suit in the district court of Dallam county, Tex., against appellant, Chicago, Rock Island & Gulf Railway Company, to recover damages for personal injuries alleged to have been received by him while in the employ of appellant on October 9, 1922, and on December 20, 1922.

Appellee's allegations as to the relationship of employer and employee, the character of his duties, the negligence of appellant, the injuries received, and all the essential elements necessary to constitute a cause of action for damages for each of the alleged injuries are sufficient. He bases his right to recover for the injuries received on October 9, 1922, on the alleged negligence of the appellant in opening and leaving open a switch connecting with the main line of its railroad, causing a derailment of a motorcar on which he was riding, resulting in the injuries inflicted on that date. He bases his right to recovery for the injuries received on December 20, 1922, on certain alleged negligent acts

of appellant in permitting the end of the boiler, which he was assisting to load onto a car from the platform, to fall on the floor and strike an iron bar that appellee was using, causing it to fly up and strike him in the face with great force, knocking him down and rendering him unconscious, and alleges that as a result of the two injuries, each and both, he became afflicted with sciatica which was permanent, and that the negligence of the appellant, its servants, agents, and employees, on each and both of said occasions, was the proximate cause of his injuries.

Appellant answered by general demurrer, general denial, and specially denied that appellee's injuries were due to any negligence of itself, its servants, or employees; pleaded contributory negligence, based on appellee. having exposed himself to the weather, and having failed and refused to take proper care of himself, or to take the treatment prescribed by his physician, and that such failure increased his suffering and such damages as he sustained were due to his own negligence. Appellant also denied that the injuries suffered by appellee were the cause of the sciatica, and pleaded that on October 9, 1922, appellee knew of the condition of the brakes on the motorcar, and thereby assumed the risk caused by the defective condition of the brakes which did not stop the car, as they would have done, but for such defective condition, before it reached the open switch, and no derailment would have occurred.

This case was before this court on a former appeal and is reported in the 275 S. W. at page 505, and we deem it unnecessary to make a more detailed statement of the pleadings, as the only change therein is that both parties pleaded that appellant was engaged in interstate commerce, and appellee's duties were in furtherance thereof.

The court, in his charge to the jury, submitted the two injuries as separate and independent causes of action, and, so far as necessary to a disposition of this case, the jury, in response to special issues relative to the damages sustained on account of the injuries received on October 9, 1922, found in effect that, in opening and leaving open the switch, appellant was guilty of negligence which was the proximate cause of the derailment of the motorcar, and that appellee was injured by such derailment; that the injuries so received caused him to have sciatica which was not permanent, but which caused him to suffer great pain, and incapacitated him to some extent in performing physical labor; that such injuries were the direct and proximate result of appellant's negligence; and that the amount of damages caused by the derailment was the sum of $1,250. In response to special issues submitted by the court, relative to the injuries alleged to have been received on December 20, 1922, the jury found in effect that appellant

was guilty of negligence in causing the iron bar to strike appellee while loading the boiler; that appellee's sciatica was partially caused by the injuries received while loading the boiler; that he had been damaged thereby in the sum of $1,250; that the injuries received while loading the boiler was the direct and proximate result of the negligence of appellant; and that appellee had been damaged in the two injuries in the sum of $2,500. The court rendered judgment for said amount, from which judgment this appeal is prosecuted.

[1] Appellant assigns as error the action of the trial court in permitting appellee to state, over the objection that the same was hearsay and a conclusion, that he had undergone medical examinations to test the condition of his health; that he was examined when he joined the army and when discharged therefrom, and when he went to work for the El Paso & Southwestern Railway Company, and that he passed such examinations.

[2, 3] It was a contested issue in the trial as to whether or not the injuries received by appellee had caused the sciatic rheumatism from which he was suffering, and any competent evidence of his physical condition prior to the alleged injuries was admissible. The testimony objected to does not reveal any statement made to the witness by any other parties. His testimony that he had undergone medical examinations when he joined the army and when discharged therefrom, and when he went to work for the El Paso & Southwestern Railway Company, was admissible over the objections urged. Jackes-Evans Mfg. Co. v. Goss (Tex. Civ. App.) 254 S. W. 320; Western Indemnity Co. v. Milam (Tex. Civ. App.) 230 S. W. 825; St. Louis, S. F. & T. Ry. Co. v. Carter (Tex. Civ. App.) 275 S. W. 224; Smith v. Woods, Taylor & Co. (Tex. Civ. App.) 235 S. W. 720; Smith et al. v. James et al. (Tex. Civ. App.) 42 S. W. 792; 22 C. J. p. 215, par. 176. The objection to this evidence, as shown by the bill of exception, was made to the testimony as a whole, and such exception cannot be sustained where a part of such testimony is admissible. The statements of the witness that he had undergone medical examinations were statements of facts, and were admissible, and the statement that he had passed the examinations, if inadmissible, was not error as the objection is presented. Ford et al. v. Wichita Falls & S. R. Co. (Tex. Civ. App.) 253 S. W. 932; Western Union Tel. Co. v. Polick et ux. (Tex. Civ. App.) 250 S. W. 440; Wheatley v. Benson (Tex. Civ. App.) 279 S. W. 911.

[4] Appellant presents as error the action of the trial court in permitting the appellee to testify, over the objection that it was immaterial, incompetent, prejudicial, and hearsay, that he was discharged from the service of appellant on or about the 1st of February, 1923, because he refused to sign a release of the damages for his injuries. The record reveals that appellant on cross-examination elicited from appellee testimony to the effect that he did not quit work for the railroad, but was laid off. On redirect examination, in response to his counsel, the witness stated that he was told that if he would not sign the release to get out; that he did not quit, but that he was laid off and quit. Appellant having offered the testimony that appellee was laid off, it was permissible for him to explain on redirect examination why he was laid off or discharged. St. Louis S. W. R. Co. v. Turner (Tex. Civ. App.) 225 S. W. 383; Baker et al. v. Adkins et al. (Tex. Civ. App.) 278 S. W. 272; Cotton et al. v. Morrison et al. (Tex. Civ. App.) 140 S. W. 114; Freedman v. Bonner et al. (Tex. Civ. App.) 40 S. W. 47.

[5] Appellant's assignment, urging as error the action of the trial court in not excluding the testimony of the witness L. S. Cogshall to the effect that appellee told him he quit the service because he refused to sign a release for his damages, is overruled, for, if error, it was harmless. The testimony is uncontroverted that appellee was laid off or discharged because he declined to sign a release.

[6] Appellant assails as error the action of the trial court in excluding the testimony of the witness Jesse Sutton to the effect that the method followed by appellant in loading the boiler on the occasion of appellee's injury was regularly followed in loading similar boilers on other occasions, and that in the loading of the boiler in question he was following the method generally followed in loading such boilers. The bill of exception upon which this assignment is founded shows that the witness based his testimony on the method used generally by appellant in loading boilers, and fails to show that the witness was familiar with the method generally followed by other carriers and others engaged in such business. Appellant's contention as to the admissibility of this testimony is based on the well-recognized rule that showing the use of machinery, appliances, ways, and methods such as are generally used, tends to show that such instrumentalities and methods are reasonably safe, but this rule is not applicable here. The issue is the manner in which such instrumentalities or methods are used in executing the labor to be performed, and negligence may be predicated, as it is in this case, on the manner of using instrumentalities or method. The appellee does not allege negligence in the machinery or appliances furnished or the method used in loading the boiler, but alleges specific acts of negligence in the execution of a method. Kansas City, M. & B. R. Co. v. Burton, 97 Ala. 240, 12 So. 88. The exclusion of this testimony was not error.

[7] The assignment urging as error the action of the trial court in excluding the testimony of the witness Jesse Sutton to the effect

that appellee had time to remove the bar with which he was prizing up the boiler before it fell if he had followed witness' orders is overruled, because the record shows that the witness was permitted to testify that after the weight of the boiler was released from the bars there was sufficient time for appellee to have removed his bar if he had followed the orders of the witness.

[8] Appellant assails as erroneous special issue No. 1 as submitted by the court, because he assumes as a fact that it opened and left open the switch which caused the derailment of the motorcar. Appellant admits in its pleading that the switch was open. The testimony is uncontroverted that the tracks and switch were under the management and control of the appellant, and that it was open, and appellant offers no explanation of why said switch was open. The court submitted the issue as to whether the appellant was guilty of negligence in opening and leaving open the switch, and under the facts he was authorized to assume that the switch was open, and the testimony is sufficient to support the finding of the jury that appellant was negligent in opening and allowing the switch to be open.

[9] "'Where the particular thing causing the injury has been shown to be under the management of the defendant, or his servants, and the accident is such as in the ordinary course of things does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation that the accident arose from want of care.' Scott v. Docks Co., 3 Hurl. & C. 596. See, also, to the same effect, Western Transportation Co. v. Downer, 11 Wall. 129, 20 L. Ed. 160. In such a case the question of negligence should be submitted to the jury." Washington v. Missouri, K. & T. Ry. Co. of Texas, 90 Tex. 314, 38 S. W. 765; Galveston, H. & S. A. Ry. Co. v. Thompson (Tex. Civ. App.) 116 S. W. 106; International & G. N. R. Co. v. Johnson, 23 Tex. Civ. App. 160, 55 S. W. 772.

[10] Special issue No. 9, considered in connection with the whole charge, is limited to the injury received on October 9, 1922, and reads as follows:

"Is plaintiff's injuries, if any, the direct and proximate result of defendant's negligence?"

Appellant asserts by its assignment that this issue is erroneous because the court therein assumes as a fact that appellant was guilty of negligence in opening and leaving open the switch. This assignment, we think, must be sustained. True, the court, in his first issue, submitted for the determination of the jury whether or not appellant was guilty of negligence in opening and leaving open the switch, but appellee's right to recover for the injuries received by the derailment of the motorcar, in which he was riding, depended on appellant's negligence in open-

ing and leaving open said switch. This was an issue of fact which appellant was entitled to have determined by the jury, without any intimation, suggestion, or assumption from the court as to the existence of such act of negligence. Chicago, R. I. & G. R. Co. v. Hammond (Tex. Civ. App.) 286 S. W. 483; Freeman v. G., H. & S. A. R. Co. (Tex. Com. App.) 285 S. W. 607; Turner et al. v. Dinwiddie et al. (Tex. Civ. App.) 276 S. W. 444; Texas & P. Coal Co. v. Sherbley (Tex. Civ. App.) 212 S. W. 761.

[11] By numerous assignments of error, the appellant challenges the sufficiency of the evidence to support the findings of the jury to the effect that the injuries received by appellant caused him to have sciatica; that the appellant was guilty of negligence causing the second injury pleaded by appellee; that appellee's failure to obey his physician did not increase his injuries; that an ordinarily prudent person would have failed to obey the instructions of the physician; that appellee did not know at the time he got on the motorcar, and at the time of its derailment, that the brakes were defective; and that the judgment is excessive.

The testimony tends to show the relation of employer and employee; that appellant was engaged in interstate commerce, and appellee's duties were in furtherance thereof; that the open switch caused the derailment; that appellee in assisting in loading the boiler was working with and under the directions of his foreman, Jesse Sutton; that appellee, with the other men, was told to secure pinch bars and prize up the boiler so a roller, which was a three-inch iron pipe about four feet long, could be placed under the boiler; that, in obedience to these directions, appellee secured a bar, and with the others prized up one side or end of the boiler, and the foreman undertook to place the roller thereunder; that he placed the roller partially under the boiler, but failed to get it entirely under it, and at that time advised appellee and the others to remove the bars for the purpose of securing a new hold in order to raise the boiler higher; that, when the weight of the boiler was released from the bars, it came down on the roller, and it flew out, and the weight of the boiler came back on the pinch bars and caused the one with which appellee was working to fly up, strike him in the face, and knock him unconscious; that appellee was a strong man, enjoyed good health, and was able to perform heavy labor before he received either of the injuries; that he received both injuries as alleged; that the injuries each caused and contributed to his having sciatic rheumatism; that he suffered great pain from such rheumatism; that his capacity for work and to earn money was diminished; that his failure to follow the instructions of the physician did not increase his injuries; and that an ordinarily prudent person would have, under the cir-

cumstances, refused to obey such instructions.

We deem it unnecessary to set out in detail or at length the testimony, but consider it sufficient to sustain the findings of the jury on the issues submitted and for the amount awarded.

For the error of the court in assuming in special issue No. 9 that appellant was guilty of negligence in the derailment of the motorcar which resulted in appellee's first injury, the judgment of the court decreeing appellee the sum of $1,250 for such first injury is reversed. The judgment of the court for the recovery by appellee of the sum of $1,250 for the second injury is affirmed.

The judgment is therefore reformed, and, as reformed, is affirmed that appellee have and recover of and from appellant, for his second injury, the sum of $1,250, with interest thereon at 6 per cent. per annum from the date of said judgment.