## CITY OF AMARILLO v. RUST.

### No. 3707.

Court of Civil Appeals of Texas. Amarillo.

Jan. 6, 1932.

286

Underwood, Johnson, Dooley & Simpson and Vance Huff, all of Amarillo, for appellant.

Clayton & Bralley, of Amarillo, for appellee.

JACKSON, J.

The plaintiff, Geraldine Rust, by her father, Con Rust, as next friend, instituted this suit in the district court of Potter county, Tex., against the defendant, the city of Amarillo, to recover damages for personal injuries she sustained on account of the alleged negligence of the defendant.

The plaintiff alleges:

That the defendant is a municipal corporation, with exclusive control over its streets, and that South Houston street, at its intersection with East Fifteenth street, is, and has been for many years, a public street, having been dedicated as such to the public for use as a street. That a few feet south of its intersection with East Fifteenth street, South Houston street is terminated by a ditch about twenty feet wide and twelve feet deep. That said ditch was either excavated by the city or permitted by it to be excavated. That said ditch is contiguous with, adjacent to, and abuts the south side of the intersection of South Houston and East Fifteenth streets, and a traveler, unfamiliar with said ditch and its location, is not able at night to determine that South Houston street terminates at its intersection with East Fifteenth street.

That the defendant had graded South Houston street south of its intersection with East Fifteenth street to within a few feet of said ditch for the purposes and with the intention that said street south of its intersection with Fifteenth street should be used by the traveling public up to said ditch.

Plaintiff alleges that on September 26, 1930, she was a minor, about twelve years of age, in good health, without scars on her face or blemishes on her features; that about 8:30 p. m. on said day, while riding in a southerly direction along South Houston street in an automobile driven by her brother, the machine went into said ditch; that plaintiff and her brother were each acting with due care, but were not familiar with that part of the city, had no notice or knowledge of said ditch, and the defendant had placed no warning of the location thereof or the danger of driving into it, and, as it was night, neither plaintiff nor her brother could see said ditch, and continued on what appeared to be South Houston street until the machine plunged into said ditch, inflicting on plaintiff the injuries for which she seeks damages.

She sets out in detail her wounds, scars, etc., and says that the injuries she received are permanent; that her face was scarred and her features disfigured; that she has and will continue to suffer physical pain and mental anguish throughout her natural life; and that, because of such scars on her face and her disfigured features, she will continue to be humiliated and embarrassed, and will be the object of curiosity and pity as long as she lives; that such scars and blemishes have and will greatly and seriously impair her prospects of marriage when she reaches a marriageable age; that her injuries were the direct and proximate result of the negligence of the defendant, to her damages in the sum of $25,000.

She alleges that the defendant had actual or constructive notice and knowledge of said ditch, its location, and the danger thereof to the plaintiff and the traveling public, and specifically alleges that the city was guilty of negligence in excavating the ditch or permitting it to be excavated contiguous with and adjacent to the intersection of South Houston street and East Fifteenth street; in grading, or causing to be graded, the south end of South Houston street beyond East Fifteenth street up to and within a few feet of said ditch, and in negligently failing to place any suitable fence, barrier, signal, light, or other warning between the end of South Houston street and said ditch, and in failing to place proper and suitable barriers or other warning signals between the intersection of South Houston street and East Fifteenth street and in failing and refusing to place any signal, fence, barrier, or warn-

ing to warn the public or this plaintiff of the location of said ditch or the danger of driving a car into it, if South Houston street was traveled in a southerly direction beyond its intersection with East Fifteenth street—all of which negligence upon the part of the defendant was the proximate cause of the damages sustained by the plaintiff.

The defendant answered by general demurrer, special exception, set up unavoidable accident, and pleaded contributory negligence on the part of plaintiff and her brother in operating the automobile at an excessive rate of speed, driving the car with defective brakes, defective lights, and failure to keep a proper lookout and exercise ordinary care for their own safety, and that, but for such negligence in the particulars alleged, the ditch would have been observed by one or both of them, and the automobile would not have been driven into the ditch, and on account of such negligence of plaintiff and her brother or one of them the defendant is not liable.

The defendant also alleges that on and long prior to September 26, 1930, the date of the alleged accident, Houston street south of its intersection with East Fifteenth street had no appearance of a public street, was rough, not graded, and showed to have been abandoned; that said Houston street south of its intersection with East Fifteenth street had been closed for years by a barrier south of said intersection, placed across what would have been Houston street if it extended south beyond such intersection; that said barrier was 100 feet north of said ditch, and was amply sufficient to give notice to the traveling public and to the plaintiff and her brother that it was closed and not in use and not to be used as a street and to give warning of the existence of such ditch and the danger of driving into it; that, if such barrier was down, the defendant had no knowledge thereof, and it had been so recently removed or destroyed by a stranger that the defendant is not chargeable with constructive notice of such removal or destruction.

The defendant says it is a municipal corporation, and is authorized by its charter to enact an ordinance exempting it from liability for such damages as the plaintiff seeks to recover; that in conformity to said charter authority it passed an ordinance, numbered 281, prior to plaintiff's alleged injuries, and by said ordinance is exempted from all liability to plaintiff.

In response to special issues submitted by the court in his main charge, the jury found, in substance, that the defendant permitted the ditch in question to remain open across Houston street, south of Fifteenth street; that such act was negligence, and was the proximate cause of plaintiff's injuries; that the defendant maintained the ground between the ditch and the intersection of said streets in such a manner as to give it the appearance to a person of ordinary prudence of an extension of Houston street; that the act of so maintaining the ground was negligence and the proximate cause of plaintiff's injuries; that the defendant placed a barrier north of the ditch across Houston street south of its intersection with Fifteenth street; that such barrier was not reasonably sufficient to keep a person of ordinary prudence from going into the ditch; that the failure to place a barrier reasonably sufficient to keep a person of ordinary prudence from going into the ditch was negligence, and that such negligence was the proximate cause of plaintiff's injury; that such barrier was in place shortly before plaintiff sustained her injuries, but was torn down prior to the time she was injured, but that the defendant had no knowledge that the barrier had been torn down, and that sufficient time had not elapsed between the time the barrier was torn down and the plaintiff's injury for the defendant, in the exercise of ordinary prudence, to have learned that the barrier was down; that such barrier was not reasonably sufficient to keep a person of ordinary prudence from going into the ditch; that the accident was not unavoidable, and the plaintiff was entitled to damages in the sum of $1,500.

In response to a special issue requested by the defendant and given by the court, the jury found that, at and immediately prior to the time the plaintiff was injured, she was keeping a reasonably careful outlook to protect herself from injury caused by the car running into any ditch or obstruction.

On these findings the court entered judgment in favor of plaintiff for the sum of $1,500, with interest from the date of the judgment and costs of suit.

█ Appellant presents as error the action of the trial court in framing certain special issues to which it objected, because, as written and submitted, such issues were upon the weight of the evidence, and the court assumed as a fact in such issues that the ditch crossed Houston street, and, under the pleading and proof this was a controverted issue the defendant was entitled to have determined by the jury.

Special issue 1–A is, in substance: Did the defendant permit the ditch to remain open across Houston street? and 2–A: Was it negligence to permit said ditch to remain open at said place?

The plaintiff alleged that Houston street had been dedicated to the intersection with East Fifteenth street, and graded south of said intersection to the ditch. The defendant asserted that the ditch did not cross Houston street. The record fails to show any conveyance, map, plat, or other instrument dedicating to the public any extension of

Houston street south beyond its intersection with Fifteenth street. It was a controverted issue as to whether the defendant had graded between the ditch and the intersection of the two streets. Houston street was not open south of the ditch. There was testimony tending to show that, while down at intervals, a barrier or warning sign had been maintained for a period of years just south of the intersection of said streets, across what would constitute Houston street if extended south beyond the intersection toward the ditch.

The following sketch will assist in determining the location of Houston street, East Fifteenth street, their intersection, the location of the ditch, its depth and width, and the place where the injury is alleged to have occurred:

whether or not the barrier maintained just south of the intersection of Houston and Fifteenth streets was reasonably sufficient to keep a person of ordinary prudence from going into the ditch, because the city is not an insurer and not required to build a barrier sufficiently strong to keep automobiles from going through such barrier.

The court submitted to the jury whether or not the defendant placed a barrier across Houston street, and whether or not there was a barrier across said street south of its intersection with Fifteenth street, and immediately following each of such issues asked the jury, in substance, if such barrier was reasonably sufficient to keep a person of ordinary prudence traveling south on Houston street in an automobile from going into the ditch.

PLAN

The pleadings and testimony presented as an issue the fact whether or not the ditch crossed Houston street, and the court should not have assumed as a fact in his issues that the ditch did cross said street. This was an issue of fact which appellant was entitled to have passed on by the jury without any suggestion or intimation or assumption from the court that the ditch did cross Houston street. C. R. I. & G. Ry. Co. v. Bernnard (Tex. Civ. App.) 290 S. W. 292, and authorities cited. See, also, Texas Power & Light Co. v. Culwell (Tex. Com. App.) 34 S.W.(2d) 820.

This disposes of other assignments relative to the error of the trial court in assuming the existence of facts which were to be determined by the jury.

■■ The appellant assails as error the action of the court in submitting to the jury

The testimony most favorable to the plaintiff relative to the barrier is that it was placed just south of the intersection of Houston and Fifteenth streets across what would be Houston street, if extended south; that it was constructed of two posts, about 5″ in diameter, set 2½ feet in the ground approximately 14 feet apart, and each about 3 feet above the ground, with a 2x12 14 feet long extending from post to post.

Mr. Hankins, a witness for the plaintiff, testified that the barrier above described was ample and sufficient to have warned anybody coming down Houston street and to have given anybody notice that they must not drive past the barrier. This testimony is without dispute in the record. The jury found that there was a barrier maintained by the city just south of the intersection of the two

streets between said intersection and the ditch.

"It is clear that the street need not be so barricaded as to preclude absolutely the possibility of injury, but it is sufficient that a plain warning of danger in traveling a street is given." 7 McQuillin on Municipal Corporations (2d Ed.) 217; Hunter v. Montesano, 60 Wash. 489, 111 P. 571, Ann. Cas. 1912B, 955; McDonald v. Degnon-McLean Contracting Co., 124 App. Div. 824, 109 N. Y. S. 519; Jones v. Collins, 177 Mass. 444, 59 N. E. 64; Leonard v. Boston, 183 Mass. 68, 66 N. E. 596; Lineburg v. St. Paul, 71 Minn. 245, 73 N. W. 723; John D. Roberts, Administrator, v. Town of Eaton, 238 N. Y. 420, 144 N. E. 667, 36 A. L. R. 411, and notes.

"The rule is well summed up as follows: it is the duty of the municipality when the obstructions are placed in the street to use such means as are reasonably necessary to warn those using the streets of the presence of the obstruction and it is generally a question for the jury 'under the particular facts in each case to determine whether or not the means used for this purpose were reasonably sufficient.' Guard rails, lights, watchmen, any or all might be required according to the local conditions. In some instances guard rails might be amply sufficient. In others lights, while in still others additional means might be required." McQuillin on Municipal Corporations, supra.

The appellee asserts that, as the sufficiency of the barrier to keep the automobile from going into the ditch was a question for the jury, the court correctly submitted the issue. In support of this contention, she cites and relies on a line of decisions holding that the test as to whether the means employed are reasonably sufficient to protect travelers is generally an issue of fact for the jury.

Without reviewing these cases here, an examination discloses that they are based on facts which show that a barrier or guard rail had been constructed, not across, but along, a sidewalk or along a bridge or by the side of a street or highway, adjacent to some creek, river, or declivity for the purpose, not only of giving warning, but also reasonable protection from stepping off the sidewalk or going from the beaten trail over the side of such bridge, street, or highway. A barrier or guard rail constructed even along a street or highway adjacent to such a place of danger is not required to be sufficiently strong to prevent automobiles from leaving the traveled way, regardless of the weight and power of the machine. Cotriss v. State, 223 App. Div. 520, 228 N. Y. S. 593, and authorities supra.

In our opinion, there is a clear distinction between the sufficiency of a barrier constructed along a recognized traveled way for the purpose of reasonable protection and the sufficiency of a barrier erected across a street or a highway to warn the public of the danger of proceeding over and beyond such barrier.

In the case at bar the issue was whether the barrier was sufficient to furnish notice or warning to a person of ordinary prudence, and not if such barrier was reasonably sufficient to keep a person of ordinary prudence from going into the ditch. The size of the timbers out of which the barrier was erected, the manner of its construction and its location, together with the uncontroverted testimony that the barrier was ample and sufficient to have furnished warning and given notice not to drive past the barrier, shows that the jury believed from the charge under consideration that it was the duty of the city to have a barrier reasonably sufficient to keep the automobile in which plaintiff was riding from going into the ditch, and that the barrier, though sufficient to give notice and warning, was not a discharge of the obligation imposed on the city.

The appellant challenges as error the action of the trial court in failing and refusing, over its objections and exceptions, to define the words "new independent cause" used by the court in his definition of the term "proximate cause."

The definition in the charge complained of reads: "'Proximate cause' of an injury·as used in this charge is that cause which in a natural and continuous sequence unbroken by any new independent cause, produced the injury and without which the injury would not have occurred and from which it ought to have been foreseen or reasonably anticipated by one in the exercise of ordinary care that the injury complained of or some similar injury would result naturally and probably in the light of the attending circumstances."

There is no definition or explanation of the meaning of the term "any new independent cause."

The jury found that the defendant had placed a barrier which was in place a short while before the injury, but was torn down prior to the injury, and that the defendant had no knowledge thereof, and sufficient time had not elapsed for the defendant to learn by the exercise of ordinary prudence that the barrier was down.

The testimony reveals that the barrier was broken down some time during the night preceding the night on which plaintiff was injured; that it was amply sufficient before its destruction to have given notice or warning to a person of ordinary prudence. The wreckage, broken posts, crosspiece, and splinters disclose that considerable force and power had been used in the destruction of the barricade.

The court's definition of "proximate cause" in this case is substantially in the language defining proximate cause in the case of Rob-

ertson & Mueller v. Holden, 1 S.W.(2d) 570, in which case the Commission of Appeals held, with the approval of the Supreme Court, that the trial court had committed reversible error because of its failure to define "new independent cause."

■■ The appellant assigns as erroneous the charge of the court which instructed that, in determining the amount of appellee's damages, if any, the jury might take into consideration the impairment of appellee's prospect of marriage when she reached a marriageable age, as such damage is too remote, speculative, and uncertain.

The defendant excepted to the allegation in plaintiff's petition of the impairment of her prospects of marriage, and objected and excepted to the charge of the court for submitting such matter to the jury as an element of damage.

The charge advised the jury, in effect, that in passing on the amount of appellee's damages they might take into consideration: (a) The pain of body or mind suffered by Geraldine Rust since the day of her injury; (b) the pain of body or mind that she will suffer in the future; and, (c) "impairment, if any, of the prospects, if any, of the said Geraldine Rust to marry when she reaches marriageable age."

The testimony discloses that the appellee at the time of the injury was between twelve and thirteen years of age; that none of the injuries received are permanent, except two or three scars on her face, which will continue to be visible.

As submitted, the charge of the court instructed the jury, among other things, to consider what amount of money paid now would reasonably compensate the appellee for impairment of the prospects of marriage when she reaches a marriageable age. Subdivisions (a) and (b) above comprehended all the physical pain and mental anguish, including the humiliation, the embarrassment, and any peculiar distress of mind, that might arise in the future by reason of the visible condition of the scars on appellee's face, and subdivision (c) permitted a recovery of double damages. However, the objection of double damages was not urged to the charge. But, independent of this question, it is our opinion that the impairment of the prospects of marriage under this record is too remote, speculative, and uncertain to constitute an element of damage for which recovery may be had.

The appellee was entitled to recover only for such future mental suffering as was reasonably probable. Galveston, H. & S. A. Ry. Co. v. Paschall, 41 Tex. Civ. App. 357, 92 S. W. 446.

The Supreme Court of this state, in H. & T. O. Ry. Co. v. Fox et al., 106 Tex. 317, 166 S.

W. 693, 695, says: "To justify the assessment of damages for apprehended future consequences of a present injury, it is not enough that such consequences may occur, but there must be a reasonable probability * * * that such consequences will ensue."

There is no testimony in the record as to the impairment of appellee's prospects of marriage, and such impairment of such prospect depends upon too many contingencies and presumptions to warrant a jury's consideration thereof as an element of damage.

■ The appellant presents as error the action of the trial court in refusing at its request to submit to the jury the contributory negligence of the appellee in riding in a defective vehicle.

The testimony is sufficient to raise the issue of the defective brakes of the automobile and that the condition of the brakes could have been responsible for the automobile going into the ditch, but there is no testimony that the appellee had any knowledge of any defects in the car.

While a person riding in a car driven by another is not absolved from the exercise of personal care for his own safety, and should not abandon the exercise of his own faculties and trust his safety to the driver, he is under the duty to exercise such care to avoid injury under the surrounding circumstances as an ordinarily prudent person would [Texas Mexican Ry. Co. v. Hoy (Tex. Com. App.) 24 S.W.(2d) 18], but this rule would not require appellee or any other person riding in a car as a passenger with such driver to investigate the sufficiency of the brakes.

■■ The appellant assigns as error the action of the trial court in failing and refusing to submit to the jury its requested issue asking whether or not the appellee and her brother were engaged on the occasion of the injury in a joint enterprise.

The testimony discloses that the appellee was intrusting the driving of the car entirely to her brother, who was about fifteen years of age, and that, at the time the automobile went into the ditch, they were driving to a certain place for a common purpose. However, the testimony does not show that appellee had any right to direct or control her brother in the operation of the machine or that he would have heeded any suggestion or advice made by her.

"Where an occupant of a conveyance is engaged in a common or joint enterprise with the operator and has an equal right to direct and control the operation of the vehicle, the contributory negligence of the operator is imputable to the occupant. To constitute occupants of a conveyance joint adventurers, there must be not only joint interest in the objects and purposes of the enterprise, but also an equal right, express or implied, to

direct and control the conduct of each other in the operation of the conveyance. A mere guest or gratuitous passenger riding with the operator of a conveyance by invitation, is not engaged in a common or joint enterprise with the operator; and this is so notwithstanding the guest asks to be driven to a certain place or both parties have certain plans in common." 45 C. J. 1031; West Texas Coaches, Inc., v. Madi et al., 15 S.W. (2d) 170, by the Court of Civil Appeals, and affirmed in 26 S.W.(2d) 199, by the Commission of Appeals.

Based on these authorities, it is our opinion that the testimony failed to show such a joint enterprise as would impute the negligence of her brother, who was driving the car, to the appellee.

The appellant urges as error the action of the trial court in refusing to submit certain special issues to the jury to have determined whether or not appellee's brother was guilty of negligence in driving a car with defective brakes and failing to keep a proper lookout for the safety of himself and his sister.

The testimony, if it fails to show that the driver of the car was guilty of contributory negligence as a matter of law, clearly raises the issue, but, if we are correct in holding that appellee and her brother were not engaged in such a joint enterprise as would make his negligence imputable to his sister, the failure to submit his negligence became immaterial.

Appellant assails as error the action of the trial court in refusing to admit in evidence the ordinance of the city attempting to exempt it from liability for damages for such injuries as appellee sustained under such facts and circumstances as this record reveals.

The ordinance pleaded and offered in evidence by the appellant shows to have been passed by the Commission of the City of Amarillo on the 4th day of May, 1915. This is the same ordinance held invalid by this court in the cases of Green v. City of Amarillo, 244 S. W. 241, and Tutor et al. v. City of Amarillo, 244 S. W. 632. Both of these cases went to the Supreme Court, and the opinions disposing of these cases by the Commission of Appeals are reported in 267 S. W. 697 and 702. The Commission of Appeals not only holds that the ordinance urged is invalid, but that the statute on which the ordinance is based is invalid.

The city of Amarillo is incorporated under what is known as the home rule bill, and its authority for enacting the ordinance depended upon the validity of the statute upon which it was based.

The opinion by the Court of Civil Appeals, written by Chief Justice Pleasants, in Reegan v. City of Galveston, 24 S.W.(2d) 61, is not authority for appellant's contention in this case because the holding of the Galveston court is based upon a charter granted to the city of Galveston by the Legislature, and the provision of said charter has not been declared unconstitutional.

For the errors discussed, the judgment is reversed, and the cause remanded.