TEXAS MEXICAN RAILWAY COMPANY v. H. A. KING.

Delivered September 17, 1896.

**1. Master and Servant—Safe Appliances—Liability of Master.**

A charge of the court, in effect, that it was the duty of the defendant railway company to furnish its employe, a brakeman, safe and proper links and drawheads for the purpose of coupling the cars under his charge, and that there was in law an implied promise to do so, which the employe might rely on, is incorrect, since it is not the duty of the master to furnish safe appliances, but only to exercise ordinary care to do so, and there is no implied promise arising from the employment that he will do more than exercise such care.

**2. Same—Duty of Servant—Negligence.**

It was not the duty of the brakeman to inspect the links and drawheads furnished him, to see if they were suitable, but he was bound to exercise due care in the use thereof, and if the defects were of such a nature that he ought to have seen them in time to have prevented the injury, he would be deemed negligent.

**3. Same—Evidence of Negligence for the Jury.**

Where there was evidence that the brakeman (plaintiff) had uncoupled the cars, and had made a previous ineffectual attempt to re-couple them, these were facts proper for the jury to consider in determining whether or not, exercising ordinary care, he ought not to have discovered the defective condition of the link and drawhead.

**4. Same—Assumed Risks.**

A charge that plaintiff, as brakeman, took the risk of such secret defects as could not by the defendant company be discovered by the use of ordinary diligence, or such as were open and patent to common observation, or would have been discovered by an ordinarily prudent man in the performance of his duties, is erroneous in restricting the risks assumed to the two cases just mentioned, when, under the law, such employe in his service took all the risks incident to the employment.

**5. Same—Charge of Court—Contributory and Comparative Negligence.**

A charge of court that "in order to defeat plaintiff's right to recover when negligence is shown on the part of defendant, the plaintiff must be guilty of negligence which proximately contributed to his injury; and what is meant by proximately contributing to his injury is that without it (this negligence) he would not have been injured. If you find that plaintiff was in some degree negligent, still that fact would not defeat his right to recover, unless you further find that except for his own negligence he would not have been injured"—is not subject to the objection that it raises the question of comparative negligence.

**6. Same—Evidence—Expert Testimony.**

Where plaintiff, in an action for personal injuries, testified to experience as a brakeman, and stated that he knew a brakeman's duties, he was properly permitted to testify that he attempted to make the coupling which resulted in the injury in the usual manner.

APPEAL from Nueces.  Tried below before Hon J. C. RUSSELL.

*Dodd & Mullally* and *McCampbells & Welch*, for appellant.—1 Where plaintiff shows by his own testimony that he had full opportunity to see and did see the condition of the appliances alleged to be defective, and such alleged defects were patent and open to observation, and plaintiff was injured while undertaking to use them, he cannot recover. Railway v. Johnson, 83 Texas, 628, 630; Railway v. Lemon, 83 Texas, 143; Railway v. McCarthy, 64 Texas, 652; Bonnet v. Railway, 31 S. W. Rep., 525.

2. Negligence is a question for the jury to determine from the facts in evidence. When the facts upon which an opinion is based can be detailed by the witness to the jury, and there is no reason why the jury can not form an opinion for themselves, after hearing the facts, it is error to admit the opinion or conclusion of the witness as evidence. Railroad v. Wesch, 85 Texas, 593; Kauffman v. Babcock, 67 Texas, 241; Railroad v. Moore, 69 Texas, 157; Railroad v. Levi, 59 Texas, 674; Railway v. Scott, 1 Texas Civ. App., 1.

3. The charge, taken as a whole, is defective, and is inconsistent in its parts, contradictory, confusing and misleading; and in its exposition of the law of contributory negligence is erroneous, as the affirmative pleading of the plaintiff shows that the defects complained of by him were open, patent and visible defects, to which the law given by the court in the said general charge has no application. Railroad v. Robinson, 73 Texas, 277; Wagner v. Bierling, 73 Texas, 89; Railroad v. Dwyer, 76 Texas, 156; Railroad v. Blohn, 73 Texas, 637; Railway v. Platzer, 73 Texas, 117, 124; Railway v. Dillard, 70 Texas, 62; Railway v. Harriett, 80 Texas, 73; Railway v. Gorbett, 49 Texas, 573, 581.

4. The test of diligence required of a railway company in furnishing and maintaining proper appliances for the use of its employes, is that of ordinary care. When the jury are also informed in the same instruction "that the defendant company were bound by law to furnish to plaintiff safe and proper links and drawheads for the purpose of coupling the cars under his charge," the instruction is misleading and confusing, and imposes a more onerous duty than that required by law. Railroad v. Bell, 75 Texas, 50, 53, and cases cited; Railroad v. Williams, 82 Texas, 342; Railway v. Huffman, 83 Texas, 286, and cases cited.

5. The implied promise of the company in such case is that it will exercise ordinary care in furnishing and maintaining proper appliances for the use of its employes, not that it will furnish safe, suitable and proper appliances; the implied promise is to perform the duty imposed by law.

6. The charge is error, in that under the law the employe in a hazardous service takes all the risks incident to the employment; and if the evidence satisfied the jury herein that plaintiff was injured by accident, or contributed to his injury, then the charge misled them and caused a finding against defendant. And said charge was so presented

that it would have thrown the burden of proof of no negligence on the defendant, or to show that plaintiff was injured by secret defects; and the same is an incorrect proposition of law, and narrows the risks of plaintiff's employment, and is not applicable to the evidence; and is an erroneous, abstract proposition, calculated to mislead and confuse the jury. Railway v. Callbreath, 66 Texas, 526; Railway v. Dillard, 70 Texas, 63; Railroad v. Hester, 64 Texas, 401; Watson v. Railway, 58 Texas, 434.

*Marshall Rogers* and *H. Grass*, for appellee.—1. When a witness in his evidence goes into detail of the circumstances and manner in which he performed certain duties as head brakeman of a railway train, and qualifies himself as an expert brakeman, it is not error for him to answer the question: "Did you from your knowledge as a brakeman, attempt to make the coupling with the usual care and ordinary way in which such couplings are made?" on the ground that, "it seeks the conclusions of the witness, and is incompetent and immaterial. 1 Greenl., Ev., 483 and note 3; Railway v. Larkin, 64 Texas, 454; Railway v. Thompson, 75 Texas, 501; Armendaz v. Stillman, 67 Texas, 458; Hardin v. Sparks, 70 Texas, 429.

2. An employe is warranted in acting under the assumption that the machinery furnished him is safe, and in good repair. He assumed the risks ordinarily incident to his employment and such others only as he knows to exist, or might have known by ordinary care. Railway v. Garrett, 73 Texas, 262.

3. A brakeman has a right to rely upon the master's implied promise to furnish safe machinery in good repair, and it is not the servant's duty to inspect the tools and appliances furnished him. He takes the risk of such defects as cannot be discovered by the use of ordinary diligence and no more. And a railway company cannot relieve itself of this duty to secure careful inspection by charging that duty to the brakeman; the neglect of the servant to whom such duty is entrusted is the neglect of the company. Wells, Fargo & Co. v Windham, 1 Texas Civ. App., 267; Railroad v. O'Fiel, 78 Texas, 486; Railroad v. Kernan, 78 Texas, 294.

4. When the court charges that there is no presumption of negligence on the part of either plaintiff or defendant, and where defendant relies on contributory negligence by pleadings and proof, it is not error for the court to so charge the jury. Railway v. Shieder, S. W. Rep., 902. Railway v. Bryant, S. W. Rep., 825; Railway v. Hohl, 29 S. W. Rep., 1131.

WILLIAMS, ASSOCIATE JUSTICE.—This action was brought by the appellee, H. A. King, to recover damages of the Texas Mexican Railway Company, appellant, for personal injuries received by him while in the employment of the appellant as a brakeman. Appellee was attempting to effect a coupling between the tender of an engine and a wood

car, and got his left hand caught between the drawheads and mashed so that it had to be amputated above the wrist. He alleged negligence on the part of the appellant in furnishing a defective coupling-link and a defective drawhead to the tender. There was a conflict of evidence about the condition of the link. The appellee testified that it was pinched, or bent in from the sides, while the appellant's witness Moody, who was the engineer in charge of the engine, testified that he saw the link after the injury and that it was a good proper link, and there was nothing the matter with it.

The drawhead of the tender had two holes or compartments to receive the link in coupling, and was so furnished in order to accommodate cars of different heights. The partition between these holes was partly broken out, but appellant's witnesses testified that this was not a defect. Appellee testified, however, that the break in the partition left a V-shaped hole into which the pinched link dropped and became fastened. Appellant pleaded the general denial and contributory negligence on the part of the appellee, in that if the link was defective, as alleged, the defect was patent and open to the observation of appellee, and that whatever injury he suffered was by reason of his own negligence.

At Mesquite, a station between Corpus Christi and Laredo, on appellant's railroad, it became necessary to switch and set out on a siding two road cars that were next to the engine. Appellee understood that they were to be kicked in upon the siding; he threw the switch, uncoupled them from the tender, and gave the signal to the engineer to kick or back them in. The engineer then told him that he did not intend to kick the cars in, but to back them in and push them down on the side track far enough to let him reach the wood pile and replenish the tender with wood. Appellee testified that he then went between the tender and the cars and gave the signal to back down, intending to couple them again to the tender; that they had rolled in a little way, and the engine and tender backed down and he attempted to recouple them. His first attempt was to throw up the link which was in the drawhead of the tender with his hand so that it would enter the drawhead of the wood car. It failed to couple, and the engine and tender bunted the cars and they went several feet further down the side track. As the engine still continued to back down, he again attempted to make the coupling by setting the pin in the drawhead of the car and drawing the pin in the drawhead of the tender and shifting the link from the tender to the drawhead of the car, so as to let the link make its own coupling when it went into the drawhead of the tender. When he attempted to shift the link, he found it fastened in the drawhead of the tender in the broken place, and in attempting to shake it loose as the tender was still approaching, his fingers got caught in the narrow or pinched part of the link, his hand hung, and mashed.

He said he saw that the link was pinched just about the time that he went to draw the pin and shift the link; that if the link had not become

fastened in the break in the drawhead, he would have had ample time to have shifted it and made the coupling; and if the link had not been pinched, he could easily have taken his hand out before the drawheads came together. He did not see the break in the drawhead of the tender until at the time he was attempting to make the coupling, and had not seen it before; he could not see it from the side of the car where he usually stood to make the coupling. Appellee said he thought there was a necessity for recoupling the cars, as he did not know the grade, and they might run off at the other end of the track; that he attempted to make the coupling in the usual way.

The engineer testified that it was not necessary to recouple the cars, and that he saw the appellant get upon the car and, after he was hurt, jump off; from which, if true, it would seem that he attempted to make the coupling from the car in a stooping or squatting position, which the witness said would be extremely dangerous. He said also that shifting the link would be extremely dangerous. Appellee had been but a very short time in appellant's employment. He had made one round trip from Laredo to Corpus Christi, and was returning to Laredo on the second.

From the foregoing brief statement of the evidence it will be seen that the issues presented were, first, whether or not it was reasonably proper for the appellee, in the discharge of his duties, to make the attempted coupling; second, whether or not, while exercising due care, he was injured by reason of the alleged defects, and if so, was the appellant negligent in failing to provide a suitable drawhead and link; third, was the appellee negligent in failing to discover the defective condition of the drawhead and link, if they were defective, in time to have prevented the injury.

The judgment below in favor of the appellee is sought to be reversed mainly on account of errors in the charge of the trial court. We are of the opinion that some of these assignments should be sustained.

The fourth and fifth paragraphs of the court's charge were as follows: "You are instructed that the defendant company were bound by law to furnish the plaintiff safe and proper links and drawheads for the purpose of coupling the cars under his charge; and if you find that ordinary and reasonable care was not exercised by the defendant company in selecting the links and drawheads furnished, then defendant would be liable for any injury that plaintiff may have sustained by reason of such neglect of defendant."

"You are instructed that there was in law an implied promise to furnish plaintiff with safe, suitable and proper links and drawhead with which to couple the cars and engine under his charge, and that plaintiff had a right to rely upon said implied promise; and it was not the duty of plaintiff to inspect the links and drawhead furnished him, to see if they were suitable."

In these paragraphs the jury are told that it is the duty of the appellant to furnish the appellee safe and proper links and drawheads

for the purpose of coupling the cars under his charge, and that there was in law an implied promise to do so which plaintiff might rely on. It is not the duty of the master to furnish safe appliances, but only to exercise ordinary care to do so; and there is no implied promise arising from the employment that he will do more than exercise such care. The latter part of the fourth paragraph does not cure the error. Certain special instructions were given to the jury at the request of appellant which repeat the error. It was not the duty of appellee to inspect the link and drawhead furnished him to see if they were suitable, but he was bound to exercise due care in the use thereof; and if the defects were of such a nature that he ought to have seen them in time to have prevented the injury, he would be deemed negligent. It was in evidence that appellee had uncoupled the cars and had made a previous ineffectual attempt to recouple them, which were facts for the jury to consider in determining whether or not, exercising ordinary care, he ought not to have discovered the defective condition of the link and drawhead.

In the sixth paragraph of the charge the jury were instructed, "that in taking service with the defendant company, plaintiff assumed no risks incidental to said service other than as follows: He took the risks of such secret defects as could not by the defendant company be discovered by the use of ordinary diligence, or such as were open and patent to common observation, or would have been discovered by an ordinarily prudent man in the performance of his duties." The court thus erroneously restricted the risks assumed to two cases, when, under the law, appellee in his service took all the risks incident to the employment.

Special instruction number one, given at appellant's request, does not cure the error, for the charge is erroneous, and a correct statement of the law in another instruction renders the two contradictory.

The seventh paragraph of the charge instructing the jury that it was not appellee's duty to inspect, taken in connection with appellant's twelfth special instruction, presents the law as favorably as the appellant could ask. The eighth paragraph, defining contributory negligence is not obnoxious to the objection that it raises the question of comparative negligence. It is as follows:

"8. You are instructed that, in order to defeat plaintiff's right to recover when negligence is shown on the part of defendant, the plaintiff must be guilty of negligence which proximately contributed to his injury; and what is meant by proximately contributing to his injury is, that without it (this negligence) he would not have been injured. If you find that plaintiff was in some degree negligent, still that fact would not defeat his right to recover, unless you further find that except for his own negligence he would not have been injured."

The latter part of it, however, is perhaps not called for by the facts, as they do not tend to show that appellee was guilty of negligence in any respect that would not contribute to the injury. The ninth paragraph is clearly upon the weight of the evidence. The tenth and eleventh paragraphs we do not find to be erroneous, but they are rather ab-

stract, and the principles in them should be addressed more directly to the facts and issues in the case. The requested special instructions refused, set out in the fourteenth and sixteenth assignments of error, were objectionable and should not have been given.

There is no error in the thirteenth paragraph, upon the measure of damages. It gave the proper rule for estimating them. The evidence showed that appellee's capacity for earning money in the employment for which he was qualified had been impaired.

While testifying in his own behalf, the appellee was asked if, from his knowledge as a brakeman, he attempted to make the coupling with the usual care and in the ordinary way couplings are made. He answered that he knew the duties of a brakeman, and that the coupling was made in the usual manner. He testified as to his experience as a brakeman and qualified himself as an expert, and there could be no objection to the admission of the evidence.

As the judgment must be reversed, we will not discuss the assignments which question the verdict of the jury upon the evidence adduced on the trial.

For the errors pointed out, the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*