## TEXAS & N. O. R. CO. v. KVETON.
### No. 9714.

Court of Civil Appeals of Texas. Galveston.

March 18, 1932.

Baker, Botts, Andrews & Wharton, of Houston, and Marcus Schwartz and Sam S. Devall, both of Hallettsville, for appellant.

Pat. H. Kveton, of Dallas, and J. W. Ragsdale, of Victoria, for appellee.

LANE, J.

On the 25th day of October, 1929, F. A. Kveton was employed as a blacksmith in the machine shops of the Texas & New Orleans Railroad Company, hereinafter called the railroad company, at Yoakum, Tex. On said date, while engaged in making brake rod jaws for the railroad company, his employer, he suffered a fracture of his left leg.

On the 9th day of February, 1931, F. A. Kveton filed this suit against the railroad company to recover damages in the sum of $25,000 for the injury suffered by him.

In his petition he alleged, substantially, that on the 25th day of October, 1929, the railroad company directed him to make brake rod jaws; that to accomplish such work he was furnished, among other things, a steam hammer, a mechanical device capable of producing high power, which was on said occasion operated by steam power. He alleges, substantially, that such steam hammer was a dangerous instrument, unsafe and dangerous to those who are required to use it; that the unsafe condition of said hammer was either in the manner of its construction, or in the manner of its maintenance; that such hammer in its construction, maintenance, and use was in the exclusive control of the defendant, its servants, agents, and employees, other than

524

plaintiff, and that, had defendants used and exercised ordinary care to properly maintain such hammer in good condition, plaintiff would not have suffered his said injury; that defendant was negligent in furnishing plaintiff said hammer, which was defective; that it was an instrument or tool defective either in its negligent construction or maintenance; that such particular or particulars of said negligence were unknown to plaintiff, and that he could not with exact certainty set out same; that but for such negligence the injury to plaintiff would not have occurred.

He then alleged that by reason of his injury he was forced to employ medical and surgical attention and medicines for which he was forced to pay; he then alleged that he was before such injury an able-bodied man, with a life expectancy of 22 and $\frac{2}{10}$ years; that at the time he was injured he was earning $2,000 per annum with the prospect of promotion to a salary of $3,000 per annum, and that by reason of such injury his ability to earn money has been totally and permanently destroyed; that his bruised and fractured leg became infected, causing him to despair of his life and causing him much mental worry; that by reason of such injury he has suffered much physical pain and still suffers such pain, and that he will continue to suffer great pain for the balance of his life.

Defendant answered by general and special demurrer and exceptions; by a general denial, and specially denying that the hammer furnished plaintiff, together with its parts, devices, and tools, was defective in any respect whatever; that it was the same kind of hammer or machine that is commonly and generally used by all railroad companies for such work as was being done by plaintiff at the time of his injury. It alleged that plaintiff was negligent in placing himself too near and in front of the steam hammer while same was being operated, and in failing to place himself in a safe position and place at the time he gave the order to the operator of the hammer to apply the pressure or power to the plate, and that such negligence was the proximate cause of plaintiff's injury. Defendant also averred that at the time of such injury it was a common carrier engaged in interstate commerce, and that plaintiff assumed the risk incident to the work being performed by him at the time of his injury.

The court overruled defendant's general demurrer and special exceptions.

The cause was tried before a jury. The court defined negligence and proximate cause as follows:

"'Negligence,' when used in this charge, means the failure to use ordinary care, and 'ordinary care' is such care, or such degree of care as a person of ordinary prudence would use or exercise under the same or similar circumstances."

"'Proximate cause,' as used in this charge, is meant that which is a natural and continuous sequence, unbroken by any new and independent cause, produces the injury, and without which the injury would not have occurred. It is the cause which directly produces the result, and without which the injury complained of would not have occurred."

Such definitions were followed by the submission of the following special issues:

"Special Issue No. 1. Do you find from the evidence that the defendant failed to furnish plaintiff reasonably safe appliances with which to perform the labor he was engaged in for defendant at the time of the alleged injury on the 25th day of October, 1929? You will answer this question 'Yes' or 'No' as you may find the facts to be.

"Special Issue No. 2. If you have answered the foregoing question 'Yes,' and only in such event, then answer this question: Was such failure, if any, on the part of the defendant the proximate cause of the injury to plaintiff, if he was injured? Answer this question 'Yes' or 'No' as you may find the facts to be.

"Special Issue No. 3. Do you find from the evidence that the plaintiff was guilty of contributory negligence, as that matter has hereinbefore been explained to you, in placing the iron ring, the plate with a hole in it, or the piece of iron or steel out of which the brake rod jaws were being made, on the lower plate of the Steam Hammer? Answer this 'Yes' or 'No.'

"Special Issue No. 4. Do you find from the evidence that the plaintiff was guilty of contributory negligence in placing himself in the position he did at the time of and prior to the time that he gave the order to the operator of the Steam Hammer to apply the pressure? Answer this 'Yes' or 'No.'

"Special Issue No. 5. If you have answered either special issue No. 3 or No. 4 and only in such event, then answer this issue: Was such contributory negligence, if any, on the part of plaintiff, the proximate cause of the injury, if any? Answer this 'Yes' or 'No.'

"Special Issue No. 6. How much money, if paid now, will fairly compensate the plaintiff for the damage he has sustained, if any, by reason of the defendant's negligence, if any?"

The jury answered special issues 1 and 2 "Yes"; special issue 3, "No"; special issue 4, "No"; and special issue 6, $15,000.

Upon such findings judgment was rendered for plaintiff against defendant for the sum of $15,000. From the judgment so rendered defendant has appealed.

Appellant's first contention is that the court erred in not instructing a verdict in its favor at the close of the evidence upon its request therefor.

We overrule such contention. We think

the evidence raised the issue as to whether appellant failed to use ordinary care to furnish appellee with safe appliances with which to do the work which he was required to do, and that such issue should have been submitted to the jury upon a proper charge.

As already shown, the court, by special issue No. 1, asked the jury to find from the evidence whether or not the defendant railroad company failed to furnish the plaintiff "reasonably safe appliances with which to perform the labor he was engaged in for defendant at the time of his alleged injury."

Defendant in due time and manner objected to said special issue No. 1, insisting that it is erroneous "in that it does not submit the issue as to whether or not defendant failed to use ordinary care in furnishing plaintiff reasonably safe appliances with which to perform the labor in which he was engaged at the time of the accident, the defendant being required under the law only to use ordinary care to furnish plaintiff reasonably safe appliances."

The court overruled such objection, and, upon the submission of such issue to the jury, they found only that defendant did fail to furnish plaintiff reasonably safe appliances with which to perform the work required of him.

It is insisted by appellant that by special issue No. 1 the court did not submit the issue of negligence on the part of appellant, and that nowhere in the entire charge is such issue submitted to the jury, and that, as a consequence of such failure, there is no finding of negligence on the part of appellant in the cause, and that under such circumstances, there being no finding of negligence on the part of appellant as the proximate cause of the injury to appellee, no judgment should have been rendered in his favor and the judgment as rendered cannot be allowed to stand.

We find from an examination of the record that the only issues submitted by the court touching the question of negligence on the part of appellant are substantially, first, whether or not appellant failed to furnish appellee reasonably safe appliances with which to perform the labor required of him at the time of his injury; and, second, whether or not such failure, if any, on the part of appellant to furnish such safe appliances, was the proximate cause of the injury. It is obvious, we think, that the question of negligence on the part of appellant, which was an essential ground of recovery, was nowhere submitted to the jury. Under the decisions of our appellate courts, when an issue which constitutes a complete ground of recovery is not submitted and no request for its submission has been requested by the plaintiff, it is waived, and no judgment can be rendered upon such

issue. The finding of the jury in answer to special issue No. 1 is not a finding of actionable negligence on the part of appellant, and is not sufficient for the rendition of the judgment herein. In support of our conclusion as above expressed we quote from the following authorities:

"When the omitted issue constitutes a complete ground of recovery, * * * a failure to request a submission of that issue waives said ground of recovery or said ground of defense." Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084, 1085.

"In a trial by jury on special issues there must be an affirmative finding on every issue necessary to support the judgment. The power of the judge to make findings where none are submitted or requested does not extend to independent grounds of recovery or defense, but only to incidental or subsidiary findings necessary to support the judgment in connection with the issues in fact submitted to and found by the jury. A party may waive an issue upon which he relies for recovery or defense by not requesting its submission. In such case the issue is treated as abandoned, and goes out of the case. There is no affirmative finding made thereon, and the judge is not given the power to make such affirmative finding, merely because the opposing party, upon whom no duty in that regard rests, has not requested its submission. The duty to request issues under any circumstances extends only to those respectively which are essential to the cause of action or defense of a party." Citizens' National Bank of Brownwood v. Texas Compress Co. (Tex. Civ. App.) 294 S. W. 331, 337, 338.

"The issue of active and passive negligence constituted an independent ground of recovery. In fact, it was the sole basis of the cross-action in favor of plaintiffs in error against the Fort Worth Gas Company, and inasmuch as the case was being tried to a jury, a failure to request the submission of the issue upon which such cause of action was based was a waiver thereof." Montrief & Montrief v. Fort Worth Gas Co. (Tex. Com. App.) 4 S.W.(2d) 964.

"No issue as to negligence on the part of the Dallas Hotel Company was submitted to the jury, nor was there any requested to be submitted. The settled doctrine in this state is that negligence is a question of fact for the jury. It can only become a question of law when the facts and circumstances are such that but one reasonable conclusion can be drawn therefrom. We are of the opinion that it was necessary under the evidence and pleadings for an issue of negligence on the part of the Dallas Hotel Company to be submitted to the jury, and a finding by them made. This issue is necessary before a valid judgment upon the evidence and pleadings.

involved in this case could be rendered against the Dallas Hotel Company.

"We are further of the opinion that under the facts introduced in this case neither the trial court nor the Court of Civil Appeals could find as a matter of law that the Dallas Hotel Company was guilty of negligence. Counsel for Davison contend that no issue of negligence having been submitted to the jury, and no finding by them made, the trial court had the power to make the necessary findings to support the judgment. The Court of Civil Appeals took that view, and affirmed the case upon the theory that the trial court had the power to make necessary findings to support the judgment, and that the hotel was guilty of negligence as a matter of law.

"We think it is now the settled rule in this state that where special issues have been submitted to the jury and findings made thereon that the trial court, under the statutes and decisions, if the facts justified it, could find on such omitted issues as are in accord with, and supplemental or incidental to, and which support the issues of fact which were submitted and found by the jury and upon which the judgment is based; but we do not believe that the court would have authority to make findings upon independent grounds of recovery or grounds of defense wholly neglected and ignored by the parties to the suit, and support a judgment upon such findings in the face of the issues submitted, and regardless of the findings by the jury, and upon issues which under reason and the statutes should be held to have been waived.

"We are therefore of the opinion that the issue of negligence on the part of the Dallas Hotel Company should have been submitted to the jury, and a finding made thereon, and that the judgment entered by the trial court, and the judgment of the Court of Civil Appeals affirming same, should be reversed." Dallas Hotel Co. v. Davison, opinion by Commission of Appeals and approved and adopted by the Supreme Court, 23 S.W.(2d) 708, 713.

"Appellant presents 17 assignments of error. The first complains of the portion of the charge first quoted, defining the duty of appellant to appellee in furnishing tools with which to work. The charge makes it the absolute duty of appellant to furnish appellee reasonably safe machinery and tools, and that a failure to do so is negligence. The extent of appellant's duty to appellee under the pleadings was to exercise ordinary care to furnish a reasonably safe pipe wrench and a reasonably safe place to work. The charge is affirmatively erroneous." Texas & P. Coal Co. v. Ervin (Tex. Civ. App.) 212 S. W. 234, 235.

"It is not the duty of the master to furnish safe appliances, but only to exercise ordinary care to do so, and there is no implied promise arising from the employment that he will do more than exercise such care." Texas Mexican Ry. Co. v. King, 14 Tex. Civ. App. 290, 37 S. W. 34, at page 36.

We overrule appellant's contention that the court erred in not defining and explaining the meaning of the term "new and independent cause," as in our opinion there is no evidence tending to show that the cause which directly produced the injury was broken by any new and independent cause.

The acts of negligence alleged by plaintiff to be the cause of the injury to him was the failure of appellant to use ordinary care to furnish appellee with safe appliances to do the work required of him. The evidence was confined to such issue alone, and there was no evidence tending to show the existence of any cause, new and independent of the facts alleged by plaintiff as constituting his cause of action, which might have broken the cause which directly produced the injury to appellee. It was therefore unnecessary that the court in his charge should suggest that some new and independent cause might have intervened. Greer v. Thaman (Tex. Civ. App.) 38 S.W.(2d) 378; Texas & N. O. R. R. Co. v. Mrs. Gladys Ewing, et al. (Tex. Civ. App.) 46 S.W.(2d) 398, opinion filed December 1, 1931; Houston B. & T. Ry. Co. v. Rogers (Tex. Civ. App.) 44 S. W.(2d) 420, at bottom of column 1, page 424.

We think special issues 3 and 4 fairly submit the issue or issues of contributory negligence on the part of appellee. We therefore overrule appellant's complaints thereof.

We also overrule appellant's complaint of the sixth special issue submitted by the court. Such instruction was not, in our opinion, erroneous.

W. E. O'Neill, engaged as a helper in the shop where plaintiff suffered his injury, was permitted to testify over the objection of appellant that he had occasion to observe the condition of the hammer in question while working at said hammer, and that he thought it was dangerous, and that one working at such hammer should be careful to keep from getting hurt; that he had noticed that the two plates were uneven; that the lower side of the plate had two bright spots on it, showing that it had been hit on one side instead of being hit all the way across.

The objection made to the admission of such testimony relative to the hammer striking the lower plate on one side was a conclusion only of the witness and therefore inadmissible. We overrule appellant's complaint.

By appellant's twenty-fifth assignment it is insisted that the sum of $15,000 ad-

judged to appellee by the verdict of the jury is so excessive and unreasonable as to show that the jury were influenced by prejudice, passion, sympathy, or some other improper motive, and that they disregarded the rights of defendant.

We are not prepared to reverse the judgment upon the grounds urged. Appellee bases his right to a recovery, not alone upon his loss of capacity to earn money in the future by reason of his injury, but also for mental worry and physical pain suffered by him by reason of his injury. While the sum awarded might appear to us to be large, we are not prepared to say that, in view of the evidence, it is so large as to show either prejudice, passion, or any other improper motive on the part of the jury in awarding it. It seems to be well settled that, since there is no established rule fixing any measure of damages for pain and suffering, the allowance of such damages must be left largely to the discretion of the jury. We are unable to say how much of the award made was for the pain suffered by appellee by reason of his injury and how much for his loss of capacity to earn money in the future.

Because of the error hereinbefore pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.