## HEIDENHEIMER v. HIGGINBOTHAM–BARTLETT CO. et al.

No. 3878.

Court of Civil Appeals of Texas. Amarillo.

Sept. 28, 1932.

Rehearing Denied Oct. 26, 1932.

Vickers & Campbell, of Lubbock, for appellant.

Lockhart & Garrard and Tom Garrard, all of Lubbock, for appellees.

MARTIN, J.

Appellee brought suit against appellant and one W. L. Hughlett and wife, declaring upon two notes in the principal sum of $378.80, executed by W. L. Hughlett and wife and secured by deed of trust lien on a half section of land in Yoakum county, the payment of which was alleged to have been assumed by appellant, Heidenheimer, and praying for judgment for its debt and foreclosure of its lien.

Hughlett and wife answered, admitting the indebtedness, and alleging that appellant, Heidenheimer, had accepted a deed from themselves in which he expressly assumed the payment of said notes and asking for judgment over against appellant for any sum which appellee might recover against them.

The answer of appellant was a general denial and a special denial that he assumed the debt in question or that he ever accepted the deed from the Hughletts to the land, and he further alleged that, after the date of the alleged delivery of the Hughletts' deed to himself, he had foreclosed a prior deed of trust lien executed to him by the Hughletts, and that by such trustee's sale the appellee was estopped to assert any right in this suit, and that such sale constituted res judicata.

The substance of the material facts necessary to an understanding of the law questions discussed are briefly as follows: That about September, 1925, appellant, Heidenheimer, conveyed to the Hughletts a half section of land, all on credit, for a consideration of $8,936, evidenced by ten vendor's lien notes and secured by deed of trust, at which time it was agreed that certain improvements, consisting of a dwelling house, well, windmill, etc., were to be placed on the land free of any liens; that none of the notes had been

paid and only a small part of the interest thereon. The Hughletts went into possession, and thereafter purchased lumber and material from appellee Higginbotham-Bartlett Company to erect a residence on said land, and secured the purchase price of said lumber with the deed of trust already referred to. Thereafter, about March, 1928, the Hughletts, being unable to pay for said land, executed a deed of conveyance to appellant, in which the payment of the two notes sued on herein was expressly assumed by appellant. This deed contained the following recital:

"That we, W. L. Hughlett and wife S. C. Hughlett, of the County of Terry and State aforesaid, for and in consideration of the sum of Ten ($10.00) Dollars, to us in hand paid by A. Heidenheimer, Cash paid, the receipt of which sum is acknowledged, and the further consideration that Grantor herein cancels and surrenders Ten Certain promissory Vendors Lien Notes fully described in a certain deed wherein Grantee herein deeded to Grantor the hereinafter described property duly recorded in Yoakum County record of Deeds, Vol. 15 at page 380, Yoakum County, Texas, to which reference is here made for a complete description of said Notes, here acknowledged to be cancelled and surrendered."

The evidence is sharply conflicting as to whether this deed was accepted by appellant. The Hughletts claim that it was unconditionally accepted and delivered, and appellant claims that its acceptance was conditioned upon his being able to settle with certain of the creditors, including Higginbotham-Bartlett Company, appellee herein, for a reasonable sum, and that, having failed to do this, he was not bound by the assumption of payment declared upon in this suit. Thereafter, about February, 1929, the appellant foreclosed his deed of trust lien by posting notices, and the land was regularly sold by the trustee, at which sale the appellant became the purchaser. In the fall of 1928 Hughlett claims he rented this land for 1929 from appellant. Appellant testified that no such contract was made until after the foreclosure.

A single issue was submitted to the jury, namely: "Do you find from a preponderance of the evidence that the defendant A. Heidenheimer unconditionally accepted the deed from W. L. Hughlett and wife and unqualifiedly agreed to pay the debt in controversy?" To which the jury answered: "Yes."

Judgment was accordingly entered for plaintiff as prayed for.

Only two law questions are presented for review by proper assignments of error copied in appellant's brief, namely: (1) That the verdict of the jury upon which the judgment herein is based is contrary to the evidence and without support therein; and (2) that

appellees were precluded and estopped from asserting any claim against appellant because any and every right they or either had has been foreclosed and canceled by the foreclosure of appellant's superior lien against the land in question by its sale under the terms of appellant's deed of trust.

With regard to the first of these, we find evidence pro and con upon the issue submitted to the jury not necessary to here detail. We are bound by the jury's finding under such circumstance. If there appear in the record matters which affect the credibility of witnesses who gave testimony in support of such finding, as appellant urges, we are without authority to disturb the jury's finding, for this reason, this question being intrusted by law to the jury with whose discretion we may not legally interfere.

Akin to the above question is the one ably presented and urged by counsel for appellant that, even though the above deed had been unconditionally accepted and a binding assumpsit of the debt in question made by appellant, same had been rescinded before its acceptance by appellant. We observe that the record shows that no defense of this character was pleaded nor any such error assigned in the brief. Such a fact, if established by the evidence, would, under appellant's theory, constitute a complete defense to plaintiff's cause of action. Assuming, but not deciding, that the question would present fundamental error if the facts and circumstances with respect to same were so conclusive that only one reasonable conclusion could be reached, so as to require our consideration of the matter, we have had no difficulty in reaching the conclusion that the facts with respect to this make a jury issue, and therefore will be governed by the rule immediately discussed. This particular issue was not submitted to the jury, nor was its submission requested by appellant. Where the existence of a fact urged constitutes a complete defense, and is in dispute, appellant waives same if he fails to request a submission of such issue to the jury. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084; T. & N. O. R. Co. v. Kveton (Tex. Civ. App.) 48 S.W.(2d) 523, 525; Texas Indemnity Ins. Co. v. Wingo (Tex. Civ. App.) 47 S.W.(2d) 397, 400; T. & P. Ry. Co. v. Bufkin (Tex. Civ. App.) 46 S.W. (2d) 714, 715.

Even if the matter urged did not constitute a complete defense to plaintiff's cause of action, but was only incidental or supplemental to the ultimate issue, the result would be the same, as it would be presumed in support of the judgment herein to have been found under such circumstances against appellant, he having been cast in the action. Authorities supra.

So, under either theory, the remaining ques-

tions must be decided upon the hypothesis that a valid and binding agreement had been entered into by appellant to assume the payment of the debt in question which continued and was in force when the judgment against him was rendered herein, unless such agreement was invalidated by the existence of the matters which we will now discuss.

As indicated above, appellant foreclosed his deed of trust lien about one year after the alleged assumption of the debt of appellee by a sale under his trust deed. This, it is claimed, canceled the inferior lien held by appellee and placed in appellant the title, free from any claim of appellee.

The payment of notes extinguishes the lien given to secure same. Stephens v. Moodie (Tex. Civ. App.) 30 S. W. 490; 37 C. J. 339.

A lien is but an incident of the debt, and dies with it. If, therefore, the deed from the Hughletts to appellant herein was unconditionally accepted by appellant, as found by the jury, appellant's debt and his deed of trust lien were unquestionably extinguished thereby. He took the deed in question burdened with its conditions, one of which was the cancellation of all his notes, as shown above. He was left nothing to foreclose, and his foreclosure proceedings were therefore a nullity. Such an ex parte proceeding on his part could not have the legal effect of a rescission of his former assumption of the payment of the indebtedness sued on. To give it this effect would be to hold valid a unilateral agreement.

It is further urged that no acceptance of the assumption of payment herein sued on was ever made by Higginbotham-Bartlett Company. No formal acceptance was necessary. The filing of this suit was a sufficient showing of an acceptance. 41 C. J. § 772, p. 726; Spann v. Cochran, 63 Tex. 240; Schneider v. Roe (Tex. Civ. App.) 25 S. W. 58, 59; Hill v. Hoeldtke, 104 Tex. 594, 142 S. W. 871, 873, 40 L. R. A. (N. S.) 672.

The judgment is affirmed.