## MOTOR FINANCE CO. v. YOUNGER et al.
### No. 3011.

Court of Civil Appeals of Texas. El Paso.
May 17, 1934.

Rehearing Denied June 7, 1934.

John H. Thomas, of Dallas, for appellant.

Geo. Clifton Edwards, of Dallas, for appellees.

HIGGINS, Justice.

This suit was originally instituted by Mrs. Marguerite Russ against C. L. Mahaney, doing business as Motor Finance Company, to recover the statutory penalty and attorney's fee for the collection of usurious interest. Subsequent to the disposition of a former appeal in the case [Russ v. Motor Finance Co. (Tex. Civ. App.) 55 S.W.(2d) 645], Mrs. Russ married George Younger on February 4, 1933. On June 5, 1933, Mrs. Younger, joined by her said husband, filed her sixth amended original petition upon which trial was had resulting in judgment in her favor for $389.30, being double the amount of the usurious interest collected by the defendant.

The undisputed facts are as follows: Mrs. Russ married F. A. Russ January 18, 1919. They lived together as man and wife until March 2, 1929, upon which date they separated. After the separation, Russ contributed nothing to the support of his wife and their small child. Mrs. Russ obtained a divorce from Russ on June 25, 1930. This suit was filed by Mrs. Russ subsequent to the separation and prior to the divorce. Russ refused to join in the suit. On August 28, 1929, Russ, in consideration of $5, released the defendant from liability on account of the usurious transactions here involved. The suit had been filed prior to the execution of this release. The evidence shows the usurious payments were all made by Mrs. Russ out of community funds. All such payments were made before the separation except the final payment of $45 which was made a few days after the separation.

The practical effect of the jury findings are:

(1) That the usurious payments were made out of community funds.

(2) The release of August 28, 1929, executed by Russ was to defeat the claim of his wife and in fraud of her rights.

## Opinion.

■ 1. A number of propositions present the point that the action is barred by limitation. As stated, the suit was filed by Mrs. Younger subsequent to her separation from Russ and prior to the divorce. Russ refused to sue. The point is based upon the theory that Mrs. Younger, prior to her divorce, was without authority to bring the suit and her unauthorized action in so doing did not toll the statute of limitations. This is without merit. The cause of action belonged to the community estate. After the separation and upon the refusal of her husband to bring the suit, she was authorized to sue to protect her interest in the cause of action. Speer on Marital Rights (3d Ed.) § 513.

■ 2. Mrs. Younger alleged the payments were made out of her separate funds while the proof shows and the jury found to the contrary. This variance between the pleading and proof is immaterial. The gist of the action is the collection of usurious interest and it is wholly immaterial whether such payment was made out of the community estate or the plaintiff's separate estate. Such variance in no wise prejudiced the defendant and it is not to be considered as fatal. See cases cited in 13 Michie's Digest, p. 1169 et seq.

For such reason the court properly treated as immaterial and disregarded the finding establishing that the payments were made out of community funds.

■ 3. The second finding of the jury establishes the invalidity of the release given by Russ in so far as concerns the wife's interest in the cause of action. However, it operated as a release of the interest of Russ in the claim and it was error to render judgment in favor of Mrs. Younger for the full amount of the penalty sued for. She was entitled to recover only her one-half interest in the same.

4. Other questions presented in appellant's brief are regarded as without merit and calling for no discussion. They are overruled.

Reversed and judgment here rendered in favor of Mrs. Younger for $194.65, being her one-half interest in the penalties sued for.

Reversed and rendered.