## TEXAS INDEMNITY INS. CO. v. WINGO.

### No. 3748.

Court of Civil Appeals of Texas. Amarillo.
Feb. 24, 1932.

Rehearing Denied March 16, 1932.

Fitzgerald & Hatchitt, of Wichita Falls, for appellant.

E. W. Napier, of Wichita Falls, for appellee.

**HALL, C. J.**

This is a workmen's compensation case. No question is raised with reference to the pleadings, and it is conceded that the conditions precedent to the filing of the suit have all been complied with.

The appellee Wingo alleges that he was an employee of the Fain-McGaha Oil Corporation, at an average weekly wage of $31.50, and had been thus engaged for more than a year. He alleges that while in the performance of his duties, his eyes were injured by reason of certain chemicals falling in his face which completely blinded him for the time, causing great pain and suffering. That as a result of the injury, the vision of both eyes has been impaired permanently to the extent of at least 50 per cent. That he has been totally disabled up to the time of filing this suit and will continue to be disabled to the extent of 50 per cent. by reason of the loss of his vision and the pain which he has suffered and will suffer in the future. He alleges that his condition is permanent.

He further alleges that the Industrial Accident Board heard his claim, made its award, and this suit is filed for the purpose of setting aside said award.

The Texas Indemnity Insurance Company, appellant, in addition to a general demurrer and a general denial, answered that the plaintiff did sustain a slight injury to his eyes on the date alleged, but that the defendant assumed its contractual relation and undertook by agreement with the plaintiff to treat plaintiff and paid him for the time that he lost as provided by law and did pay, in addition to the hospital and doctors' bills, the sum of $40.08, which covered his disability for a period of twenty-five days from the date of his injury. That plaintiff accepted same in full compensation for the injuries and on the 14th day of July, 1930, executed a written release, at which time his disability terminated and he returned to work.

The case was submitted to a jury upon special issues. In response to the issues, the jury found, in substance, as follows: (1) That by reason of the injury sustained by plaintiff on June 13, 1930, plaintiff suffered a partial incapacity to work after the termination of his total incapacity; (2) that such partial incapacity is permanent; (6) the extent of plaintiff's partial incapacity to work is reduced 25 per cent.; (7) plaintiff had not recovered from the injuries at the time he returned to work; (8) that prior to the time he was injured, plaintiff had what is known as conjunctivitis of both eyes; (9) plaintiff's vision was impaired by reason of the injuries he received; (10) prior to the time of the injuries complained of, plaintiff's vision was not defective.

The court entered judgment in favor of

Wingo for the sum of $245.31, being the amount of accrued compensation with interest to the 20th day of June, 1931, and further decreed that he recover the sum of $4.67 per week, beginning June 20, 1931, and continue for a period of 249 weeks, and in addition that he recover interest upon all past-due payments and payments which may become due, at the rate of 6 per cent. per annum.

The judgment was entered July 3, 1931. Supersedeas bond was filed on the 15th of July, and on the 17th day of August following, appellant's counsel presented to the trial judge a bill of exceptions which purports to set out "objections in substance" to the special issues which the court had submitted. This bill had been previously presented to appellee's counsel, who refused to approve it, but the trial judge approved the bill and it was filed on August 17th. The bill recites that appellant's counsel objected to special issue No. 1 on the ground that it permitted the jury to take into consideration the condition that existed in appellee's eyes, known as conjunctivitis, prior to the injury, when said condition should have been excluded. It contains the same recitation with reference to special issue No. 2, and recites that appellant's counsel objected to special issue No. 6 because the jury was not instructed to exclude from consideration the conjunctivitis condition that existed at the time and prior to the injury.

It appears from the record that before the charge was read to the jury, appellant's counsel, with consent of the court and opposing counsel, and in their presence, dictated to the court stenographer his objections to the charge. These objections are incorporated in the transcript. At the June term, 1931, of the court, appellee's counsel presented a motion to strike the exception from the record, because the objections which the bill recites were made, had not in fact been made by appellant's counsel. On January 25, 1932, the court heard appellee's motion to strike the bill and overruled it. On January 27th thereafter, the court entered an order which recites that "on this day came on to be heard the plaintiff's (appellee's) motion to strike the objections and exceptions to the Court's charge dated Aug. 17, 1931, and appearing in the transcript in this case at pages 26 to 27." Reference to pages 26 and 27 of the transcript shows that the reference is to the bill of exceptions and not to the court's charge. The court's charge appears upon page 12 of the transcript, so we assume that it is the motion to strike the bill of exceptions, instead of the motion to strike the objections to the court's charge, which was considered on the 27th day of January, 1932. This order sets out at length the objections to the charge which were dictated to the court stenographer and also the objections to the charge as stated in the bill of exceptions.

This order seems to have been entered after a hearing from both sides and recites that the court finds that the only exceptions and objections made by defendant's counsel to the charge at the time of the trial were the exceptions and objections dictated in open court and appearing on pages 15 to 17, inclusive, of the transcript, and states that the exceptions and objections as set out in the bill of exceptions were not made at the time of the trial, and orders the judgment of January 25th to be set aside and withdrawn and that appellee's motion to strike out the defendant's bill of exceptions dated August 17, 1931, be sustained. In the supplemental transcript which contains the proceedings incident to the motion to strike the bill of exception, there also appears a bill of exceptions taken to the final order of January 27th above mentioned. This bill of exceptions contains the following qualification by the trial judge: "The above bill is approved by me with the following explanation and exception: the statement in the bill to the effect that I had the entire record before me when I approved the original bill of exceptions, is not exactly correct. I only had before me the statement of facts and it did not contain the exceptions taken by counsel to the charge upon the trial. In my final ruling on this matter I have not and do not charge nor intimate nor believe that counsel for appellant has been guilty of sharp practice in this matter. I depended upon his recollection as to just what his exceptions to the charge were and upon examination of the record I find that he was mistaken about it and in order to be sure I have had the Court Reporter read to me his original shorthand notes, taken from counsel at the time his exceptions were dictated."

[1-3] Having accepted the bill of exception with the foregoing qualification, appellant's counsel is bound by the facts recited by the trial judge. It is the rule that making settlement and perfection of the record for this court must be done in the trial court, and in the absence of a charge of fraud or some matter which affects the jurisdiction of this court, we are bound by the record as finally settled by the trial judge. Since upon reconsideration the bill of exception has been stricken by the judge who originally approved it and who, we must assume, was more familiar with all of the facts and circumstances surrounding the transaction than this court, the bill of exception will not be considered as a part of the record.

■ Appellant's first contention, under several assignments, is that the court should have instructed a verdict in its favor, because the plaintiff's cause of action was based upon the fact that he had sustained partial, permanent disability due to the loss of vision and because the uncontradicted evidence is that his loss of vision, if any, was due to

conjunctivitis which existed prior to the date of the accident, and further because the uncontradicted testimony shows that the condition of his eyes since the accident had improved, his vision had cleared up, and he was completely cured.

In so far as this contention is based upon the fact that the jury were permitted to consider the condition of his eyes caused by conjunctivitis is concerned, it cannot be considered, since the trial judge's ruling striking the bill of exceptions from the record; but we do not agree with appellant's counsel in the assertion that the undisputed proof shows that the injury had not in any manner affected the appellee's vision and the further assertion that the undisputed proof shows that the conjunctivitis had yielded to treatment and was completely cured. The appellee's cause of action is not based alone upon loss of vision, but upon total disability up to the time of the filing of the suit, and he claims damages for pain which he has suffered and will continue to suffer in the future. The plaintiff testified that prior to the injury his vision was good, and the testimony of physicians is that the mild condition of his eyes designated conjunctivitis did not affect his vision prior to the date of the injury, and the jury so found in response to special issue No. 10. Plaintiff further testified that since the injury his eyesight was so greatly impaired that he could not read except for a few minutes at a time, that his vision was blurred and spots appeared before his eyes, and further that he could not distinguish objects for more than half as far from him as before the injury. This testimony is corroborated by the evidence of his wife and his father. Dr. Johnson testified that the strong chemical solution which was thrown into his eyes, and which left scars on his face, would have the effect of causing inflammation of the eyelids and eyeballs and would aggravate the mild conjunctivitis condition previously existing, making it a great deal worse, and would result in pain and eyestrain. Dr. Singleton testified that the solution of the chemical which caused the injury was strong enough to put out one's eyes. No witness testified that conjunctivitis, which in a mild form affected plaintiff's eyes prior to the injury, contributed in any degree to his disability as a laborer. So it does not appear from the uncontradicted testimony that the condition of plaintiff's eyes caused by the injuries was completely cured. Dr. Johnson testified that plaintiff's vision was bad at the time of the trial. It is true that the evidence was conflicting upon this issue, but under this state of the record, the court would not have been warranted in directing a verdict for the appellant.

 The appellant insists that the court erred in submitting issue No. 6, asking this question: "On a preponderance of the evidence fix and state the extent plaintiff was partially incapacitated to work by said injury. Answer in terms of per cent, if any."

The question does not assume that the court was of the opinion that plaintiff was partially incapacitated by reason of the injury. The use of the words "if any" constitutes a saving clause, obviating this objection. Speer's Special Issues, § 201. Moreover, a charge should be construed as a whole. The jury had found in response to the first special issue that appellee was partially incapacitated to work and the issue objected to is prefaced by the statement that if the jury had answered special issue No. 1 no, not to answer that issue, and to answer it only in the event they had answered special issue No. 1 in the affirmative. There is no merit in this proposition.

There is nothing in the verdict to indicate that the jury was actuated by malice, passion, or prejudice in the answers returned to the issues submitted.

 If the appellant desired that the jury be limited in its consideration with reference to the conjunctivitis condition shown to have existed to a mild degree prior to the injury, the duty rested upon it to request specific issues to that effect. This was not done and under the well-established rule announced in Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084, there has been a waiver of this ground of defense.

The remaining propositions go to the issue of compensation and the method by which the compensation was computed.

 There is no finding and no request for a finding, as to what was the average weekly wage of the complainant. The appellee testified that he commenced working for his employer on the 17th day of March, 1928, and continued to work until the date of his injury, which was June 13, 1930. That his salary ranged from $135 to $150 per month. The judgment shows that the court took the lowest amount, that is, $135, per month and multiplied it by twelve to ascertain the annual amount received. This annual wage was then divided by fifty-two to ascertain the weekly wage which the court evidently found to be $31.15. Appellant cannot complain because the court took the lowest amount appellee stated he had received as his monthly wage. Twelve times this sum would certainly be the lowest total amount received during the year immediately preceding the injuries.

 As said in Barron v. Tex. Employers' Ins. Ass'n (Tex. Com. App.) 36 S.W.(2d) 464, 468: "No request having been made for submission of this issue [his average weekly wage] to the jury, it will be presumed that the court in rendering judgment upon the findings of the jury found plaintiff in error's average weekly wages in such manner as to support the judgment rendered."

We think the judgment was for a proper amount. Norwich Union Ind. Co. v. Wilson (Tex. Civ. App.) 17 S.W.(2d) 76; Fidelity Union Casualty Co. v. Carey (Tex. Civ. App.) 38 S.W.(2d) 169; Howard v. Texas Employers' Ins. Ass'n (Tex. Com. App.) 292 S. W. 529.

The issue of total disability was not submitted to the jury. It was admitted, and the court found, that the appellee was totally disabled for a period of fifteen days following his injury, for which he was paid the sum of $40.08. We assume, for this reason, the matter of total disability was not submitted.

In response to the court's issues, the jury found that appellee had suffered a partial permanent disability to the extent of 25 per cent. following the termination of the period of total disability, which was fifty-one weeks up to the day of the trial. His rate of compensation was $18.69 per week, 25 per cent. of which was $4.67. This, with 6 per cent. interest, would make a total of $245.31 upon that branch of the case.

■ There is no merit in appellant's contention that because the appellee suffered injury to both of his eyes, his compensation should have been computed under section 12 of article 8306. The injuries claimed by the appellant being a partial loss of vision of both eyes, together with continued headache and the pain and suffering incident thereto, required the court to compute his compensation under the general provisions of the act (article 8306), rather than any section relating to a specific member.

■ The issue of settlement was not submitted to the jury, and we must presume that the court found that there had been no compromise or settlement of the claim.

We find no reversible error in the record, and the judgment is affirmed.