### GORDON et ux. v. McINTOSH et ux.

No. 3886.

Court of Civil Appeals of Texas. Amarillo.

Oct. 19, 1932.

Rehearing Denied Nov. 16, 1932.

Cook, Smith, Teed, Sturgeon & Wade, of Pampa, for appellants.

S. D. Stennis, W. M. Lewright, and John V. Osborne, all of Pampa, for appellees.

JACKSON, J.

Dan McIntosh and wife, Mrs. Dan McIntosh, instituted this suit in the district court of Gray county, Tex., to recover damages for personal injuries to Mrs. McIntosh claimed to have been occasioned by the alleged negligence of Mrs. Gordon and her agents.

Appellees alleged that Mrs. Gordon had a lease on a certain building situated at No. 106 South Cuyler street, in the city of Pampa, in which she was conducting a ladies store. That the front of the building was arranged with a show window on either side, leaving an aisle about ten feet in length, which extended from the sidewalk to the door through which customers entered the store. That this aisle was paved or floored with tile and when wet was slippery and dangerous to walk on; that it was the duty of Mrs. Gordon to keep said aisle in a dry condition so as to protect those who had occasion to enter the store from slipping and falling. That about May 5, 1930, Mrs. McIntosh started into the store to purchase some goods and while walking along said aisle, on account of the wet and slippery condition thereof, slipped and fell and sustained the personal injuries for which she seeks damages. Appellees charge that Mrs. Gordon was negligent in leaving the tiled floor of the aisle wet and slippery, in failing to cover the tile with sawdust or sweeping compound to prevent persons from slipping thereon, and in failing to maintain the floor of the aisle in a reasonably safe condition for use by the public and Mrs. McIntosh, and that such negligence was the proximate cause of her injuries, which she sets out in detail, and prays for judgment for $4,000 for such injuries and $1,000 expenses for hospital and doctors' bills.

The appellants answered by general demurrer, numerous so-called special exceptions, general and special denials, admit that Mrs.

Gordon had the building leased and was conducting therein a mercantile business, alleged the contributory negligence of Mrs. McIntosh, that her injuries, if any, were not caused by the condition of the tiled floor, but were due to injuries caused by her diseased and disordered condition. That if the floor of the aisle was wet and slippery from any substance placed thereon, neither Mrs. Gordon nor her agents were responsible therefor and had no knowledge thereof, and such wet or slippery condition was produced by some substance placed thereon for which they were not liable.

It is not necessary that we set out separately the special issues submitted to the jury by the court. It is sufficient to state that the jury answered that Mrs. McIntosh fell on account of the slippery condition of the tile on the floor of the aisle; that this condition was known to Mrs. Gordon and her agents and was due to their negligence; that Mrs. McIntosh was not guilty of contributory negligence and that her injuries were not due to her diseased physical condition; that she was entitled to recover for her personal injuries the sum of $4,000, and the sum of $925 incurred for hospital and doctors' bills.

In conformity to these findings, the court decreed that Mrs. McIntosh take nothing against August A. Gordon and have and recover of and from Mrs. Gordon the sum of $4,925, with interest and costs, from which judgment Mrs. Gordon, joined by her husband, prosecutes this appeal.

The appellants challenge as error the action of the trial court in failing to direct a verdict in their behalf because the evidence was insufficient to warrant the court in submitting to the jury whether the floor of the aisle was wet and slippery, whether the appellants knew of such condition and had known it for a sufficient length of time to have remedied such condition, and insufficient to support the findings of the jury on such issues.

We shall refrain from stating the testimony revealed by the record, and while these issues were controverted, the evidence, considered in the most favorable light to appellee, was, in our opinion, sufficient to authorize the submission of such issues to the jury and to support their findings thereon.

The appellants present as error the action of the trial court in rendering judgment in favor of appellee because the court failed to submit to the jury an issue as to whether the fall of appellee in the aisle was the proximate cause of her injuries.

The court did not submit such issue, and it was not requested. There is no finding by the jury that Mrs. McIntosh was suffering from any physical injuries, but under the evidence it may be conceded that this issue was not controverted.

She had alleged that the injuries from which she was suffering resulted from her slipping and falling on the floor of the aisle leading from the sidewalk to the door of the store. The appellants alleged in their answer that if Mrs. McIntosh was in an injured condition, such injuries were not caused by her fall in the aisle, but were due to her disordered physical condition produced by a disease from which she was suffering at the time she fell or that such condition caused her to faint and fall.

The evidence was sharply controverted as to whether the injuries from which Mrs. McIntosh was suffering was the result of her slipping and falling in the aisle, or were due to her physical condition brought about by sickness and an operation that she had theretofore undergone.

The jury found that Mrs. McIntosh was not physically diseased prior to the fall, but there was no issue submitted to the jury requesting them to determine whether the negligence of the appellants was the proximate cause of the injuries of Mrs. McIntosh, or whether her slipping and falling on the floor of the aisle were the proximate cause of such injuries.

The case was tried before a jury, and the proximate cause of the injuries of the appellee was an issue of fact made both by the pleadings and the testimony, and the burden was upon her to prove such issue and secure a finding of the jury thereon in her behalf.

Judge Sharp, for the Commission of Appeals, in International-Great Northern R. Co. v. Casey, 46 S.W.(2d) 669, 671, says: "The decisions of this state hold that, when a jury is demanded to try the facts, litigants are entitled to have every essential and independent issue submitted to the jury for a finding thereon. The finding of the jury that the railroad company was negligent, as above described, without also finding that such negligence was the proximate cause of the damages sustained by plaintiff, would not support a judgment based thereon. If the owner relied upon the negligence of the operatives of the train in approaching the crossing, in failing to ring the bell and blow the whistle, for a recovery, it was essential that there should have been submitted to the jury an issue that the negligence of the operatives of the train in approaching said crossing was the proximate cause of the damages sustained by him. This record does not show that the defendant in any way waived this issue. The settled doctrine in this state is that proximate cause is a question of fact for the jury. It can only become a question of law when the facts and circumstances are such but that one reasonable conclusion can be drawn therefrom. The law places the burden upon the plaintiff to allege and prove that he was entitled to a judgment against the railroad company, and, if the pleadings and evidence raise certain

issues, it was the duty of the trial court to submit the essential issues to the jury for a finding thereon. If the court failed to submit such issues, it was the duty of plaintiff to request their submission. If plaintiff failed to do this, he has not met the burden placed upon him by law. If it was not done, the law presumes that he waived it, and, unless it is a matter that is incidental or supplemental to the ultimate issues, then the trial court would not be justified in finding this essential fact without having an answer to the jury first made on the issues submitted. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084; Kirby Lumber Co. v. Conn, 114 Tex. 104, 263 S. W. 902; Bulin v. Smith (Tex. Com. App.) 1 S.W.(2d) 591; Dallas Hotel Co. v. Davison (Tex. Com. App.) 23 S.W.(2d) 708; Montrief & Montrief v. Ft. Worth Gas Co. (Tex. Com. App.) 4 S.W.(2d) 964; Federal Surety Co. v. Smith (Tex. Com. App.) 41 S.W.(2d) 210. This contention is sustained."

This holding is approved by the Supreme Court; hence this assignment is sustained.

The appellants urge as error the action of the court in assuming in special issues Nos. 1 and 5 the existence of certain controverted facts.

Special issue No. 1 reads as follows: "Do you find from a preponderance of the evidence that the defendants herein, their agents, servants or employees, left the entrance way to the defendant's store in a wet condition on May 5, 1930, at the time plaintiff, Mrs. Dan McIntosh, attempted to enter said store?"

Special issue No. 5 is in this language: "Do you find from a preponderance of the evidence that the negligence of the defendants in leaving the area way to the store in a wet condition on May 5, 1930, at the time the plaintiff Mrs. McIntosh attempted to enter said store, if the same was left in such condition, was a proximate cause of the plaintiff, Mrs. Dan McIntosh, slipping and falling, if she did so slip and fall?"

The appellees contend that these issues are not subject to the objection that they were on the weight of the evidence and assume the existence of controverted facts, because the jury had answered issue 1A that the aisle of the entrance way was left in a wet condition, and issue No. 3 that such wet condition was negligence, and the court had advised the jury that unless they answered 1A that the aisle was left in a wet condition, and No. 3 that such wet condition was negligence, not to pass on issues 1 and 5.

The fact that the court submitted in issue 1A whether the floor was left in a wet condition, and in issue No. 3 whether the leaving of the floor in such wet condition was negligence, did not, in our opinion, correct the errors complained of, because he, in effect, in issue No. 1 advised the jury that the aisle of the floor was in a wet condition and in issue No. 5 that such wet condition constituted negligence.

"True, the court, in his first issue, submitted for the determination of the jury whether or not appellant was guilty of negligence in opening and leaving open the switch, but appellee's right to recover for the injuries received by the derailment of the motorcar, in which he was riding, depended on appellant's negligence in opening and leaving open said switch. This was an issue of fact which appellant was entitled to have determined by the jury, without any intimation, suggestion, or assumption from the court as to the existence of such act of negligence. C., R. I. & G. R. Co. v. Hammond (Tex. Civ. App.) 286 S. W. 483; Freeman v. G., H. & S. A. R. Co. (Tex. Com. App.) 285 S. W. 607; Turner et al. v. Dinwiddie et al. (Tex. Civ. App.) 276 S. W. 444; T. & P. Coal Co. v. Sherbley (Tex. Civ. App.) 212 S. W. 758, 761." Chicago, R. I. & G. Ry. Co. v. Bernnard (Tex. Civ. App.) 290 S. W. 292, 295.

See, also, City of Amarillo v. Rust (Tex. Civ. App.) 45 S.W.(2d) 285; Gulf, C. & S. F. R. Co. v. Houston (Tex. Civ. App.) 45 S.W. (2d) 771; Monzingo v. Jones (Tex. Civ. App.) 34 S.W.(2d) 662.

Whether the tiled floor in the aisle was wet, and whether, if wet, it was due to the negligence of the appellants, were both controverted issues, and the testimony was such that a finding of the jury in favor of appellants on such issues, if properly submitted, would have been warranted. There is no question but what these issues, as submitted, assumed the existence of controverted facts and were on the weight of the evidence and in our opinion constitute reversible error.

The appellants also complain that the court placed too great a burden on them in submitting to the jury whether they maintained the aisle in a safe condition.

This contention is correct, as the appellants were not required to keep the aisle or entrance way to the store in an absolutely safe condition for the plaintiff and the public, but were required to exercise ordinary care to keep it in a reasonably safe condition.

What we have said is sufficient to dispose of the assignments urging as erroneous other special issues contained in the court's charge, and in view of our disposition of this appeal we deem it unnecessary to discuss the assignments attacking the pleading of appellees, because if such assignments present errors, they can readily be corrected by an amendment.

The judgment is reversed, and the cause remanded.