**CITY OF ABILENE v. LUHN et al.**
No. 1463.

Court of Civil Appeals of Texas. Eastland.
Oct. 13, 1933.

Rehearing Denied Nov. 10, 1933.

*H. L. DeBusk, of Abilene, for appellant.*

Cox & Hayden, of Abilene, Spafford & Jackson, of Dallas, and R. W. Haynie and Wagstaff, Harwell, Wagstaff & Douthit, all of Abilene, for appellees.

FUNDERBURK, Justice.

Mrs. Lottie Luhn and her husband brought this suit against the city of Abilene to recover damages for alleged injuries received by Mrs. Luhn occasioned by her stepping into a hole in a broken pavement on a sidewalk. The city of Abilene (hereinafter called the city) impleaded H. O. Wooten, Wooten Hotel Company, a corporation, E. V. McCright, individually, and E. V. McCright & Co. H. O. Wooten and Wooten Hotel Company filed a cross-action against E. V. McCright, alleged to have been operating under the trade-name of E. V. McCright & Co., and also against West Texas Utilities Company, a corporation, thereby impleading the latter as a party to the suit. With parties brought into the suit, as above stated, the plaintiffs by their first amended original petition reasserted the same cause of action against the city, and, in addition, undertook to allege a cause of action against H. O. Wooten and Wooten Hotel Company. The cause of action alleged against the city was based upon negligence, first, in permitting a hole in a broken portion of the

pavement on a sidewalk with knowledge thereof to be and remain in a dangerous condition, and, second, in that, with such knowledge, the city "neglected to put signs or lights or signals to warn pedestrians using the sidewalk of the break in the pavement and its dangerous condition." The cause of action attempted to be alleged against H. O. Wooten and Wooten Hotel Company was for negligence in causing the defect in a sidewalk in making excavations upon their property adjacent to same, and also in failing to "put lights or signs or signals to warn pedestrians using the said sidewalk and street of the break in the said pavement and its dangerous condition."

Although there is in our minds considerable doubt as to the sufficiency of the city's pleading to show a right of recovery over against H. O. Wooten, Wooten Hotel Company, or E. V. McCright, in the event of recovery against the city, we will dispose of the questions presented upon the assumption that the pleading was sufficient as to H. O. Wooten and Wooten Hotel Company. If sufficient, an essential of such right of recovery over was the existence of active negligence on the part of said parties. The city filed a trial amendment attempting to allege an estoppel against H. O. Wooten to avoid a recovery over against him by the city in the event the city was held liable; the facts claimed to constitute such estoppel being that said Wooten had represented that he was the owner of the Wooten Hotel and properties adjacent to the sidewalk in question; that he had promised a representative of the city that he would fix the pavement; that such promise was relied upon by the city; that said Wooten assumed personal responsibility for repair of the break in the pavement, because of all of which he was estopped to deny "ownership and assumption of responsibility for the break and its repair." The plaintiffs also filed a trial amendment expressly stated to be in lieu of paragraph 9 of their first amended original petition. The trial amendment, as it appears in the transcript, was exactly in the same words of paragraph 9 for which it was substituted except the first two words; namely, "Plaintiffs allege." Said paragraph 9 began "Plaintiff alleges."

The court by its judgment based upon special issues submitted to and found by the jury denied recovery by any party against any other party, except that it awarded recovery in favor of the plaintiffs against the city for $2,400 damages. From this judgment the city has appealed.

We have read the briefs and all relevant portions of the record, and have reached the conclusion that no error is shown which would require a reversal of the judgment below. We will state but briefly our conclusions with more particular reference to the several contentions of the appellant.

■ No error is shown, we think, in the action of the court in refusing to submit to the jury a requested special issue, reading: "Did H. O. Wooten assume responsibility for repairs of the hole in the pavement, if any?" No contract liability of H. O. Wooten was alleged. We gather from the argument that said requested issue was designed to elicit a finding on the issue of estoppel. If so, the issue called for a finding upon only one of a number of elements of the estoppel claimed, and an affirmative answer would not have been conclusive of the existence of the estoppel. Besides, in our opinion, no issue of estoppel was raised by the evidence.

■ Judge J. M. Wagstaff, attorney for West Texas Utilities Company, in addressing the jury, said: "The trouble is that plaintiff's attorney and DeBusk, attorney for The City, have gone in cahoots and tried to stick Mr. Wooten, and I don't care what you do with them, but let us out of this case. You can tell this from the pleadings of the parties and from the fact that plaintiff is using the City witnesses." This was objected to as improper argument. The gist of the objection is the suggestion that the attorneys named had "gone in cahoots." We would be inclined to treat these remarks as merely facetious, a little levity well understood to be such by the jury, but for the earnestness with which counsel for appellant insists that it was prejudicial. The word "cahoots" or "cahoot" is slang of this section meaning, according to Webster's International Dictionary, "Partnership, as to go in cahoot with a person." The suggestion in counsel's argument was that the attorneys mentioned had "teamed up" or combined their efforts to establish the liability of Wooten. The statement criticized purported to be an inference. It was an inference which the speaker insisted was to be drawn from the pleadings (which presumably had been read to the jury) and the fact that plaintiffs were making use of the witnesses for the city, a fact within the observation of the jury. We cannot say in the first place that the inference was unwarranted. Even if it were, however, we cannot assent to the proposition that an argument is prejudicially erroneous when it merely states an unwarranted inference from facts before the jury.

■ In answer to the above argument, counsel for the city said to the jury: "I admit that The City is primarily liable. As to the matter of framing up, if there was any frame up at all, as suggested by Mr. Wagstaff, it appears that it might have been between Thomas E. Hayden, Jr., the former Mayor, and H. O. Wooten, and others." In reply to this, Mr. Hayden, attorney for H. O. Wooten, said: "Gentlemen of the jury, talk about framing up mentioned by The City Attorney, the City Attorney has turned traitor to the City of Abilene. He has admitted liability of

the City. I have never done that. I am more loyal than he to the City of Abilene. I think Kean and Furr, who were paving the alley are liable." This is likewise assigned as improper and prejudicial argument. Here, also, the statement objected to was the statement of an inference from the fact that the city attorney had voluntarily admitted that the city was primarily liable. That the city attorney had made such admission was a fact attested to by the bill of exceptions. If an unnecessarily harsh word was used in stating the inference from such fact, we do not believe it was error. If it was error, then the whole of the argument could not have prejudiced the cause of the city. To get before the jury a suggestion that the city's counsel had failed in support of the city's cause would seem to us to have the effect, if any, of inducing sympathy for the city.

■■ Mr. Hayden, the former mayor, as a witness, after testifying that Mrs. Luhn, the plaintiff, had phoned him about the accident after it had happened, was asked this question: "State what you said with reference to fixing this hole in the pavement?" to which the answer, so far as complained of, was: "I do not know as anything was said with reference to fixing the hole." To the question it was objected that: "That was after the accident and would be wholly immaterial to this case." Conceding that the witness might have given an answer to which the objection would have been good, the answer he did give rendered both question and answer harmless. Besides, the witness was immediately afterwards permitted to testify without objection: "I don't remember exactly what was done about it. I think probably I rang up the engineer but my mind is hazy about just what was done." Appellant insists in its brief that it was prejudicial to show by the witness that nothing was done to remedy the defect. No objection was made on that ground. Such contention could have no force in connection with an admitted liability of the city.

■ There was no error in refusing to permit R. A. Miller, building inspector of the city, to answer the following question: "In your opinion, what was that hole put there for?" Clearly, the opinion sought to be elicited was not a subject of expert testimony.

To the contention that the court erred in refusing to give the city judgment against E. V. McCright, operating as E. V. McCright & Co., it is sufficient to say that there was no evidence which would support a judgment against McCright and at the same time acquit the other parties. McCright answered, and there could be no judgment by default.

■ It is contended that the award of $2,-400 is excessive. There was evidence that Mrs. Luhn, as the result of her falling and cutting a gash in her knee, was confined to her bed nearly four weeks and to her room nearly eight weeks; that she suffered pain from the time of her injury to the date of trial (February 18, 1931, to September 14, 1932); that her knee was weakened, and would at times give way, causing her to fall; that she still wore bandages on same at the time of the trial, and it was necessary to brace it when she stood or walked. Her physician testified that the ligaments were damaged, resulting in a permanent injury. She was making on an average of $90 per month in her employment as a saleslady. In our opinion, the judgment was not excessive.

There was evidence which, if believed, was amply sufficient to support the verdict of the jury to the effect that H. O. Wooten, his agents, servants or employees, did not cause the hole in the pavement. Hence we overrule the contention that there was no such evidence.

One of the special issues submitted was: "Do you find from a preponderance of the evidence that the City failed to have a light at the intersection in question?" It is argued that there was no pleading to support an affirmative answer to said issue. If this contention were sustained, it would not affect the disposition of the case. The judgment would be fully supported by the verdict upon another and independent ground of negligence.

The pleadings of plaintiff's charged negligence based upon the failure to have lights at the intersection. The issue was in accord with the pleading in so far as negligence was charged in failing to have lights. If the issue was objectionable in failing to include also signs and signals, no such objection was made.

■ The contention that the court erred in overruling the motion for new trial on the ground of misconduct of the jury is also overruled. The statement shows that the motion was attempted to be supported only by the affidavit of one juror. The law provides that motions for new trial, based upon the alleged misconduct of the jury, shall be granted or refused after a hearing of the evidence in open court. Rev. St. 1925, art. 2234.

■ Lastly, we overrule the contention that the trial court abused its discretion in refusing to permit the entire deposition of H. O. Wooten to be read in evidence after the examination and cross-examination of said witness while on the stand. The court offered to admit such portions of the deposition as were claimed to be in conflict with his testimony on the stand.

Being of the opinion that the judgment of the court below should be affirmed, it is accordingly so ordered.