SINCLAIR NAV. CO. v. KREMLICK.

No. 10818.

Court of Civil Appeals of Texas. Galveston.

June 8, 1939.

J. C. Hutcheson, III, of Houston (Baker, Botts, Andrews & Wharton, of Houston, of counsel), for appellant.

Mandell & Combs, of Houston (Arthur J. Mandell, of Houston, of counsel), for appellee.

MONTEITH, Chief Justice.

This is an appeal from a judgment of the district court of Harris County in an action brought by appellee, William Kremlick, against appellant, Sinclair Navigation Company, under Art. 688 of Title 46, United States Code, 46 U.S.C.A. § 688, known as the Jones Act, for damages alleged to have been sustained as a consequence of a stomach ulcer claimed by appellee to have been contracted while serving as a seaman on the steamship E. W. Sinclair, owned and operated by appellant, and for certain sums claimed to be due him as maintenance under the general maritime law.

Appellee alleged that while serving as an ordinary seaman on the E. W. Sinclair he was served with food of an inferior quality, improperly cooked, and served on plates that were rusty, unclean, and unsanitary, and from which the enamel had been chipped, and that a gastric ulcer had developed as a result of such food and service. He alleged negligence on the part of defendant in its failure to serve proper food and in its failure to use care in seeing that proper, clean, and sanitary utensils and plates were provided. He alleged that each

and all of said acts and omissions were the sole and proximate cause of appellee's injuries.

Appellant answered by general demurrer and general denial and by a plea that appellee had assumed the risk of said illness by remaining on board said ship when he could have left it, and that appellee's act in so remaining on said ship, if conditions were as claimed by him, constituted contributory negligence which was a proximate cause of his illness. Appellant further alleged that appellee was an habitual malingerer.

By supplementary petition appellee alleged that he had complained of said conditions to the steward, the master, and the port engineer, and that each had promised that said conditions would be remedied, and that in reliance upon said promises he remained on said ship.

The case was tried to a jury, who, in answer to special issues submitted, found that appellee was suffering from stomach ulcer which arose while he was in the service of E. W. Sinclair, but not because of the service on board said vessel; that his meals were served on plates that were rusty, unclean, and unsanitary, and from which the enamel had been chipped; that the service of food on said plates was negligence and the proximate cause of his stomach trouble; that the risks and dangers from remaining on board such ship were not so obvious as should have been known and appreciated by an ordinarily prudent person, and that his act of remaining on board said ship was not negligence. The jury found that appellee had suffered damage in the sum of $3,500. That his period of disability from his stomach trouble was from February 29, 1936, to February 28, 1939. Based on such special issues, judgment was entered in favor of appellee for the sum of $5,212, $3,500 for his damages and for mental anguish and physical suffering, and $1,712 for maintenance, calculated by the court at the rate of $2 per day.

Upon hearing an amended motion for new trial court found that the jury had been guilty of misconduct in their deliberations which had affected the amount of the verdict, and required appellee to enter a remittitur of $1,980, which was done.

The record of the facts shows that appellee signed on the E. W. Sinclair at Marcus Hook, Pennsylvania, on December 5, 1935, as an ordinary seaman, at a monthly wage

of $47.50 and sustenance; that during the time he was in such service the E. W. Sinclair was engaged in making coastwise voyages between Houston, Texas, and Atlantic Seaboard ports of from 8 to 10 days duration; that said vessel made 3½ round-trips during appellee's service thereon; that appellee left the ship on February 13, 1936, in Houston, and went to the Marine Hospital at Galveston, where he remained 14 or 15 days; that he was discharged from said hospital on February 29, 1936, but returned within a short time and remained therein until April 30, 1936, when he was discharged and signed for service on a tanker. He claimed, however, that he was unable to work on said tanker on account of stomach trouble.

It was stipulated by the parties that in the event appellee was entitled to recover for maintenance that it should be paid to him at the rate of $2 per day.

Appellant contends that the submission of Special Issue No. 32, which inquired as to plaintiff's period of disability from February 29, 1936, until such time as *his stomach trouble should be cured or until it should reach such condition as that ordinary medical treatment would not cure it* (italics ours), was error for the reason that it constituted a comment upon the weight of the evidence in that it was so drawn as to lead the jury to believe that the court was of the opinion that plaintiff had stomach trouble when that question was a disputed question of fact.

Special Issue No. 32 reads as follows: "What do you find from a preponderance of the evidence plaintiff's period of disability, if any, to perform manual labor to be from the 29th day of February, 1936, and thereafter until such time as his stomach trouble should be cured or reach such condition as that ordinary medical treatment would not cure it? Answer by stating the time, if any."

Unquestionably the question as to whether or not plaintiff had stomach trouble was one of the controlling issues of fact in the case. The issue as submitted also unquestionably assumes that plaintiff had stomach trouble.

The record shows that appellee contended throughout the trial that he did have stomach trouble continuously from the time he left the E. W. Sinclair, while it was the appellant's contention, based on its pleadings, that appellee had no such trouble and was a malingerer.

Appellee contends that since this issue had previously been submitted, the assumption of its truth in Special Issue No. 32 was rendered harmless. We cannot agree with appellee's contention.

■ 41 Texas Jurisprudence, 1133 and 1134, in discussing the necessity in the submission of special issues for avoiding the assumption of the existence of any material fact that is controverted, lays down the following rule: "When this rule is violated, that the assumed fact has been separately submitted does not correct the error, unless, perhaps, the submission was conditional, for the parties are entitled to have issues submitted to the jury without any suggestion or assumption as to the truth of the facts involved."

In the case of Gordon v. McIntosh, Tex. Civ.App., 54 S.W.2d 177, 179, in a state of facts similar in many respects to those in the instant case, the court held: "The fact that the court submitted in issue 1A whether the floor was left in a wet condition, and in issue No. 3 whether the leaving of the floor in such wet condition was negligence, did not, in our opinion, correct the errors complained of, because he, in effect, in issue No. 1 advised the jury that the aisle of the floor was in a wet condition and in issue No. 5 that such wet condition constituted negligence. * * * Whether the tiled floor in the aisle was wet, and whether, if wet, it was due to the negligence of the appellants, were both controverted issues, and the testimony was such that a finding of the jury in favor of appellants on such issues, if properly submitted, would have been warranted. There is no question but what these issues, as submitted, assumed the existence of controverted facts and were on the weight of the evidence and in our opinion constitute reversible error."

A similar question arose in the case of Chicago R. I. & G. R. Co. v. Bernnard, Tex.Civ.App., 290 S.W. 292, 295. In this case it was held that the issue, "Is plaintiff's injury, if any, the direct and proximate result of defendant's negligence?" was erroneous as assuming negligence on the part of the defendant, even though negligence had been submitted and found in independent issues.

■ We think that the issue as to whether or not plaintiff had stomach trouble was one which defendant was entitled to have determined by the jury, and that the issue as submitted not only assumed the existence

of such fact, but suggested the existence of such fact.

Appellant further assigns error in the action of the court in the submission of Special Issue No. 33, which is as follows: "What sum of money, if paid in cash now, do you find from a preponderance of the evidence would be fair and adequate to compensate plaintiff for his alleged injuries, if any, sustained by him on the occasion in question, if such he suffered, taking into consideration exclusively injuries or damages proximately resulting in the illness or disease of his stomach on the occasion in question by reason of the negligence of the defendant, if any you have found, *in serving plaintiff food on chipped enamel plates or on rusty plates or on plates that were not clean and sanitary, or serving him old stale food.*" (Italics ours).

This issue was likewise objected to by defendant for the reason that it constituted a comment upon the weight of the evidence, and that it was so drawn as to advise the jury that the court was of the opinion that plaintiff was served food on chipped enamel plates or rusty plates or plates that were not clean and sanitary, or was served old stale food.

█ This issue obviously assumes the fact that appellee was served food on chipped enamel plates, or on rusty plates, or on plates that were not clean and sanitary, or that he was served old stale food, each of which issues had been submitted to the jury as acts of primary negligence. We sustain this assignment under the above authorities.

Appellant further assigns error in the action of the court in the submission of Special Issue No. 32, heretofore referred to, in that it combines in one issue the separate questions of whether plaintiff had stomach trouble on February 29, 1936, whether, if he ever had it, he had at the time of the trial been cured or reached a condition where ordinary medical attention would not cure it, and if not, when he would ever be cured or reach a condition where a cure could not be had by ordinary medical means, and whether or not he had sustained any period of disability to perform manual labor. We sustain appellant's contention.

Appellant objected to the submission of this issue on the ground that it was duplicitous and multifarious in that it submitted several separate and distinct contested issues of fact in one issue.

Article 2189, R.S.1925, provides: "* * such special issues shall be submitted * * separately. Each issue shall be answered by the jury separately."

█ In the case of Fox v. Dallas Hotel Company, 111 Tex. 461, 240 S.W. 517, 521, the court says: "The statutes make it the duty of the court in trials by jury: First, to submit all the controverted fact issues made by the pleadings; second, to submit each issue distinctly and separately, avoiding all intermingling; and, third, to give such explanation and definition of legal terms as shall be necessary to enable the jury to answer each issue."

In the case of Lumbermen's Reciprocal Association v. Wilmoth, Tex.Com.App., 12 S.W.2d 972, 973, it was held to be duplicitous and multifarious to submit, in a compensation case, an issue inquiring as to whether an injury sustained was such as to totally and permanently incapacitate plaintiff from following and engaging in a gainful occupation. In its opinion the court says: "This issue, in the form submitted, combined two separate and distinct questions of fact, one of which might be answered by the jury in the negative, and the other in the affirmative, or vice versa. A disability may be total, but temporary, or it may be permanent, but partial. The questions as to the totality of the incapacity and the duration of the injury should have been submitted as separate issues."

The rule laid down in the above authorities is followed in the following well considered cases: Texas Employers' Ins. Co. v. Henson, Tex.Com.App., 48 S.W.2d 970; American Nat'l. Ins. Co. v. Points, Tex. Civ.App., 98 S.W.2d 1009; Traders & General Ins. Co. v. Copeland, Tex.Civ.App., 84 S.W.2d 813; Oil Well Supply Co. v. Jowell, Tex.Civ.App., 48 S.W.2d 406; Howard v. Howard, Tex.Civ.App., 102 S.W.2d 473.

For the errors above pointed out the judgment of the trial court is reversed and the cause is remanded for a new trial.

Reversed and remanded.