## MARYLAND CASUALTY CO. v. ABBOTT.

### No. 3785.

Court of Civil Appeals of Texas. Beaumont.
Jan. 30, 1941.

Rehearing Denied Feb. 12, 1941.

466

Smith, Smith & Boyd, of Beaumont, for appellant.

Adams, Hart & Daughtry, of Beaumont, for appellee.

WALKER, Chief Justice.

This is a workman's compensation case. For the opinion on the former appeal, see Maryland Casualty Co. v. Abbott, Tex.Civ. App., 131 S.W.2d 171, to which we refer for a general statement of the nature of the case and of the pleadings of the parties.

Appellee predicated his claim on the contention that, as an employee of the Texas Company, in the course of his employment, on August 31, 1937, while he and another employee, George Duggas, were lifting a heavy piece of timber, 4 by 4 and 20 feet long, Duggas dropped his end of the timber, thereby "jerked him down on a ditch bank or muddy slope." His theory of the injury as plead was supported by the jury's verdict finding the following facts: On or about the 31st day of August, 1937, while appellee and his fellow workman were carrying a timber, the fellow workman dropped his end of the timber, thereby causing appellee to sustain a personal injury "to his back over and along his spinal column in the region of his lumbar vertebrae, and muscles, nerves and tendons and ligaments of the lumbar region," which said personal injury was the producing cause of the injury to his back, lumbar vertebrae, muscles, etc. The personal injury suffered by appellee was an injury "sustained in the course of his employment with the Texas Company," and resulted in a permanent, total incapacity to work and earn money. The jury fixed appellee's average daily wage at $6.26 and found facts entitling him to a lump-sum settlement. On the verdict of the jury, appellee was awarded judgment for $6,869.60, from which appellant has prosecuted its appeal to this court.

Appellant contends that it was entitled to an instructed verdict on the

grounds that there was no evidence raising the issue that appellee had suffered a total, permanent incapacity, and that the evidence did not show that appellee's injury was a producing cause of his incapacity, if any. These contentions are overruled. Appellee's testimony clearly raised the issues that he was injured in the manner and at the time found by the jury, and that as a result of his injury he had suffered a total, permanent incapacity. Dr. Edward C. Ferguson, who treated appellee, testified: "I think he is totally disabled at the present time. His condition is worse than when I first saw him."

Again, Dr. Ferguson gave the following testimony in answer to a hypothetical question which summarized appellee's case history:

"A. I think that the change that you find in this man's spine was brought about by that accident.

"Q. And why do you say that? A. The man had been working previous to this time right along. The changes in the joints of the spine, while they are more extensive, but they are similar to changes in the spraining of the ankle or turning of the ankle, you have hemorrhage, you have torn ligaments and muscles, and you have injury to the disks which you see in this picture, and the crippling may not be immediately, the pain may be severe, but the ultimate changes are progressive and it may be some time before the individual is thoroughly incapacitated, but these changes do come on and they are progressive, and when the circulation is disturbed in these disks or in the backbone joints, they are spongy and light and the weight is on them, and they get bad and ultimately have a condition like this, and then the man is incapacitated and can not work."

This proposition was advanced by appellant on the former appeal and overruled. In this connection, all propositions challenging the verdict of the jury on certain special issues as being without support in the evidence and as against the overwhelming weight of the evidence are denied.

■ The following issue submitted by the court's charge was not on the weight of the evidence: "From the preponderance of the evidence, do you find that the said personal injury, if any, sustained by W. B. Abbott on or about August 31, 1937, occurred when a fellow workman dropped a timber being carried by him and Abbott (if you have found a timber was being carried by them)?"

All issues upon which the answer to this question was predicated, as shown by our summary of the jury's verdict, had been submitted to the jury in prior issues, which were answered in appellee's favor. The following authorities support the form and manner in which this issue was submitted: Traders & Gen. Ins. Co. v. Jenkins, Tex. Com.App., 141 S.W.2d 312, 315; Gordon v. McIntosh, Tex.Civ.App., 54 S.W.2d 177; Proctor v. Cisco & N. E. Ry. Co., Tex. Com.App., 277 S.W. 1047, 1048; Cannaday v. Martin, Tex.Civ.App., 69 S.W.2d 434; Texas Indemnity Ins. Co. v. Wingo, Tex. Civ.App., 47 S.W.2d 397; McClung Construction Co. v. Muncy, Tex.Civ.App., 65 S.W.2d 786; Stedman Fruit Co. v. Smith, Tex.Civ.App., 28 S.W.2d 622; 41 Tex.Jur. pp. 1133, 1134, 1136. If Sinclair Navigation Co. v. Kremlick, Tex.Civ.App., 129 S. W.2d 758, supports appellant's contention, then it is our conclusion that the Kremlick case does not have support in the authorities. That case cites in its support Gordon v. McIntosh, Tex.Civ.App., 54 S.W.2d 177, which, as we construe it, supports the court's charge.

■ The court did not err in refusing to submit the following special issue: "Do you find from a preponderance of the evidence that W. B. Abbott sustained a personal accidental injury while attempting to remove a waling from a drainage ditch?"

If it be conceded that this requested issue was raised by the evidence, appellant was not entitled to its submission, because an affirmative answer would not have rebutted appellee's contention that he was injured in the manner plead by him and found in his favor by the jury. 41 Tex. Jur., p. 1050, sec. 245; Washington v. Huggins, Tex.Civ.App., 10 S.W.2d 140; City of Wichita Falls v. Lewis, Tex.Civ. App., 68 S.W.2d 388; City of Abilene v. Luhn, Tex.Civ.App., 65 S.W.2d 370; Speer's Special Issues, Sec. 251, p. 371.

■ The court did not err in refusing to submit the following special issue requested by appellant: "What percentage of the present incapacity, if any, of W. B. Abbott do you find from a preponderance of the evidence is due solely to the injury, if any, received by W. B. Abbott while removing a waling from a drainage ditch?"

This issue was on the weight of the evidence, in that it assumed that appellee had suffered a "present incapacity * * * while removing a waling from a drainage ditch." Again, the issue was not raised by the evidence; there was no evidence upon which the jury could have found any percentage of disability suffered by appellee "while removing a waling from a drainage ditch." Gordon v. McIntosh, supra; 41 Tex.Jur., p. 1050.

[redacted] Appellant was not entitled to the submission of the following issue: "Do you find from a preponderance of the evidence that the injury, if any, of W. B. Abbott is due solely to a cause or causes wholly unrelated to the injury alleged to have been sustained by him on August 31, 1937?"

The substance of this issue was submitted to the jury by question No. 30, which was answered in the negative: "Do you find from a preponderance of the evidence that the disability, if any, of W. B. Abbott is due solely to a cause or causes wholly unrelated to the injury alleged to have been sustained by him on August 31, 1937?"

[redacted] The court did not err in refusing to submit to the jury the following issue: "Do you find from a preponderance of the evidence that the incapacity, if any, of W. B. Abbott is temporary?"

This issue, in substance, was submitted to the jury and found against appellant. Issue No. 6, answered by the jury in the affirmative: "From the preponderance of the evidence, do you find that the personal injury, if any, sustained by W. B. Abbott on or about August 31, 1937, has resulted in any incapacity and disability to work and earn money?"

Issue No. 8, answered by the jury in the affirmative: "From the preponderance of the evidence, do you find that the personal injury, if any, sustained by W. B. Abbott on or about August 31, 1937, has resulted in any total incapacity to work and earn money?"

Issue No. 9, to which the jury answered "March 1, 1938": "From the preponderance of the evidence, when do you find that the total incapacity, if any, resulting from the personal injury, if any, sustained by W. B. Abbott, on or about August 31, 1937, began?"

Issue No. 10, to which the jury answered, "For the remainder of his Life": "From the preponderance of the evidence, for how long a period of time, if any, do you find that the total incapacity, if any, of W. B. Abbott, to work and earn money has continued or will continue from the date you have given in answer to the preceding special issue No. 9 (if you have answered Special Issue No. 9)?"

The court did not submit to the jury in haec verba the issues of "temporary" and "permanent" total incapacity. But affirmatively, without any limitation on its right to answer the question, issue No. 10 sent to the jury "the length of time appellee's 'total incapacity' would continue. The jury, on its construction of the evidence, could have found in answer to this question, as it did, "For the remainder of his Life" or for any period of time short of "the remainder of his Life." This submission satisfied fully the principle of law announced in the Washington case, Galveston, H. & S. A. R. Co. v. Washington, 94 Tex. 516, 63 S.W. 534, 538, that the jury might have given effect to "temporary, total incapacity," "if it had been brought to their attention." Appellant's substantive rights went no further than to have submitted to the jury an issue which would give it the option of finding a period of time short of "permanent" total incapacity. Question No. 10 sent that issue to the jury. In Traders & General Ins. Co. v. Jenkins, 141 S.W.2d 312, 315, the Commission of Appeals, speaking for our Supreme Court, made this restatement of the law: "As stated by Chief Justice Gaines in Silliman v. Gano, 90 Tex. 637, 39 S.W. 559, 561, 40 S.W. 391: '* * * the rules of procedure in the courts should be so framed as to secure substantial justice, and any oversight of the court or of counsel, which, within certain limitations, is not calculated to operate to the prejudice of the parties, and has not so operated, should be disregarded.'"

Our ruling on this proposition is not in violation of any statutory rule of procedure; certainly, it does not deny to appellant any element of "substantial justice."

The refusal of requested issues, the basis of propositions 11 and 11a, was not error; these issues were in substance submitted by special issue No. 30, supra.

[redacted] Appellant requested the court to submit to the jury certain issues inquiring whether "all injuries" suffered by appellee

resulted from named diseases "disconnected with plaintiff's claimed injuries." These issues were given as requested, except the court inserted the word "solely." The inclusion of the word "solely" was not error. To constitute a defense to appellee's claimed injuries, the diseases submitted by the issues must have been the "sole" cause of appellee's incapacity. Commercial Standard Ins. Co. v. Noack, Tex.Com.App., 62 S.W.2d 72; Traders & General Ins. Co. v. Wright, Tex.Civ.App., 95 S.W.2d 753; in the Supreme Court, Wright v. Traders & General Ins. Co., 132 Tex. 172, 123 S.W. 2d 314.

We give special issue No. 1: "From the preponderance of the evidence, do you find that the timber being carried by W. B. Abbott and a fellow workman on or about August 31, 1937 (if you have found a timber was being so carried) was dropped by the fellow workman?"

Special issue No. 2: "From the preponderance of the evidence, do you find that the said personal injury, if any, sustained by W. B. Abbott on or about August 31, 1937, occurred when a fellow workman dropped a timber being carried by him and Abbott (if you have found a timber was being carried by them)?"

Special issue No. 2A: "From the preponderance of the evidence, do you find that W. B. Abbott, on or about August 31, 1937, suffered an injury to his back over and along his spinal column in the region of the lumbar vertebrae and muscles, nerves, tendons and ligaments of the lumbar region?"

These issues were not subject to appellant's exceptions that they were "too broad and general," and permitted the jury to give an affirmative answer, "based upon any testimony introduced before them, whether the same be supported by the pleadings or not."

Appellee's counsel, Judge Daughtry, made the following argument to the jury: "May it please the court and you gentlemen of the jury: senior counsel has said that he has talked enough, and I have, too, I am sure, but I could talk on and on, even though I know you are tired hearing me, and I don't blame you. I appreciate the attention this jury has given this man's case. When a man comes out of the portals of a law school, as I did out of the University of Texas, and as my counsel opposing did, there are roads that we must choose to follow, and I chose the road, deliberately, that John Masefield chose in his 'Consecration,' and I came out of the law school to make my living practicing law—not the wealth for me, but the lot of a tramp of the road, the man with too heavy a weary burden, too heavy a load. 'Others may sing of the wine and the wealth and the mirth, the portly presence of potentates goodly in girth: mine be the dirt and the dross, the dust and the scum of the earth. Theirs be the music, the colour, the glory, the gold: mine be a handful of ashes, a mouthful of mould. Of the maimed, of the halt and the blind in the rain and the cold—of these shall my songs be fashioned my tales be told' and for them, for the kind of law I want to practice, that I deliberately chose, for the naked and sick and blind in the rain and the cold, for those my songs be sung and my tales be told. I could talk to a jury forever if I thought it would do them any good."

We overrule appellant's exceptions to this argument, that it was "not authorized by the evidence in the cause and amounted to an outright appeal to the passion, sympathy and prejudice of the jury by contrasting the wealth and affluence of the appellant with the poverty of appellee, and such statements were designed and calculated to inflame the minds of the jury and to cause them to answer the issue submitted to them in favor of the appellee without regard to the evidence in this cause." Judge Daughtry had been called by appellant as a witness against his client, and the point was developed that he represented compensation claimants. Appellant's principal defense in this case was that appellee was a malingerer; appellant inquired whether Judge Daughtry had represented a certain other compensation claimant. Judge Daughtry makes the following answer to appellant's proposition: "I have a right to comment upon my own character and my own conduct when called as a witness against my own client."

Again, the argument was not excepted to at the time made, but for the first time on motion for new trial. If the argument was error, its injurious effect could have been removed by a proper instruction. Ramirez v. Acker, 134 Tex. 647, 138 S.W.2d 1054, 1056; Robbins v. Wynne, Tex.Com. App., 44 S.W.2d 946; City of Waco v. Rook, Tex.Civ.App., 55 S.W.2d 649; Gulf,

C. & S. F. R. Co. v. Greenlee, 70 Tex. 553, 8 S.W. 129; 41 Tex.Jur. p. 833, Sec. 88.

We think the argument complained of in the twenty-seventh proposition, without quoting it, had reasonable support in the evidence.

■ On appellee's contention, he was injured on the 31st day of August, 1937; the jury found that his total, permanent incapacity began on the 1st day of March, 1938. We overrule the contention, advanced as appellant concedes without supporting authority, "that an injured workman's incapacity cannot be permanent unless it begins upon the date of the injury and extends throughout the 401-week period immediately following without cessation or diminution." Appellant's exceptions to the submission of the issues of total incapacity, based on this proposition, are overruled.

■ The issue of "lump-sum settlement" was submitted by the following issues:

"18. From the preponderance of the evidence do you find that an injustice will result to W. B. Abbott if a lump sum were denied him, in the event you award him compensation herein?

"19. From the preponderance of the evidence, do you find that a manifest hardship will result to W. B. Abbott if a lump sum were denied him, in the event you award him compensation herein?"

These questions were proper in form and, having support in the evidence, the court did not err in submitting them. We overrule appellant's contention that the issue of lump-sum settlement should have been submitted; "Will manifest hardship and injustice result to claimant if his compensation be paid him in weekly installments instead of in a lump sum." If appellant desired the issue of "hardship" submitted on the theory of "weekly benefits," it should have requested the submission of that issue; not having made the request, the issue was waived. The Pepper case, Wichita Falls & O. R. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79.

■ Special issue No. 10, supra, was neither leading nor suggestive.

Propositions not discussed are overruled.

The judgment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.